## In re GRIGNARD LITHOGRAPHIC CO.

### (District Court, E. D. New York. July 30, 1907.)

BANKRUPTCY—CLAIMS AGAINST TRUSTEE—RENT.

Where the receiver and trustee continue to occupy premises leased by the bankrupt without agreement as to rent, the landlord is entitled to rent on a quantum meruit, but cannot recover for power which was not used.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 352.]

In Bankruptcy.

Henry Staton, for petitioner.
James S. Lehmaier, for trustee.

CHATFIELD, District Judge. On the 14th of June, 1906, a receiver was appointed of the assets of the Grignard Lithographic Company, against which a petition had been filed in bankruptcy; and this receiver was elected trustee, and immediately qualified, upon July 17, 1906. Certain machinery which had been purchased by the bankrupt company from the Trow Directory Company, and certain other assets, were in a loft occupied by the Grignard Lithographic Company, upon the second floor of the Trow Directory Company building. The Trow Directory Company claimed the title to the machinery and plant, including the greater portion of the assets upon the property mentioned, under a conditional bill of sale, which it appears had not been filed prior to the appointment of the receiver, and about the validity of which there may have been question. The bill of sale was for the sum of $12,311, and upon June 14, 1906, $7,331 had been paid, leaving a balance of $4,980. The trustee, by a sale of the property not claimed under the conditional bill of sale, realized about $2,000, and now has in his possession as funds of the bankrupt estate $1,044.21. The premises in which the property was located were occupied by the receiver and trustee from June 14, 1906, until November 28, 1906, substantially 5½ months. The rental which was paid by the company before the bankruptcy was $133 a month, and this rental value had been agreed upon because of certain business relations between the Trow Directory Company and the bankrupt, which did lithographic business for the Trow Directory Company. The Trow Directory Company has now demanded the sum of $1,650 for the rent and occupation of the premises, upon the affidavit of a real estate agent that floor space in said building is worth from 25 to 30 cents per square foot per annum, and that electric power is worth $125 to $150 per horse power. The premises in question comprise 8,675 square feet, as shown by the affidavit of Robert W. Smith, verified July 16, 1907.

During the pendency of the receivership, and before the premises were delivered by the trustee to the Trow Directory Company, considerable dispute and litigation arose from the claim made by the Trow Directory Company to the machinery covered by the conditional bill of sale. Without considering the merits of the previous contentions of the respective parties, it is apparent that the receiver and trustee,

under the authority of the court, occupied the premises and disputed the title to the machinery in question with the Trow Directory Company until a time when, it appearing to be impossible to effect a sale, the property was turned back to the Trow Directory Company for the balance due upon the bill of sale. In the meantime the receiver had been occupying the premises, perhaps unwillingly, but yet because of his best judgment, as directed by the court, that there was nothing else to do. The fact that he did not wish to occupy the property, and did everything that he could to avoid doing so, does not alter the situation that, by the exigencies of legal methods of proceeding on the part of the trustee, he continued as a tenant of the premises. The lease, however, was ended, so far as being an obligation against the estate is concerned, by the bankruptcy proceedings, and under the circumstances the equities do not show that upon a quantum meruit the possibility of the Trow Directory Company receiving compensation for power, if it had obtained a new tenant, should be taken as any portion of the value of the premises to the estate. The claim of the Trow Directory Company should be for use and occupation, and not for damages.

Taking the real estate expert's value of 25 cents a square foot per annum for the floor space, the amount of rent for 5½ months would be $994.01, and to this extent the claim of the Trow Directory Company will be allowed, and the trustee directed to pay this amount from the funds in his possession, if sufficient for the purpose after meeting prior obligations.