## In re GRIGNARD LITHOGRAPHING CO.

(District Court, E. D. New York. December 31, 1907.)

1. BANKRUPTCY—PREFERENTIAL CLAIMS—CLASSIFICATION.

The claim of a landlord for rent of premises occupied by the receiver and trustee of a bankrupt is entitled to rank as a preferred claim under Bankr. Act July 1, 1898, c. 541, § 64b (1), 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], as a necessary cost of preserving the estate. The trustee's commissions rank under subdivision 3 as a cost of administration. An allowance made to the attorney for the trustee for services ordinarily falls within the same subdivision, although, when such services were necessary to preserve the estate, such claim may be classified under subdivision 1.

2. SAME—ADJUSTMENT OF PREFERENTIAL CLAIMS TO MEET INSUFFICIENT ASSETS.

Where the estate of a bankrupt is insufficient to pay in full the claims entitled to preference, the court may, where equity requires it, scale a claim which would ordinarily be entitled to priority over others.

In Bankruptcy. On report of special commissioner.
See 155 Fed. 699.

James S. Lehmaier, for trustee.
Henry Staton, for Trow Directory Co.

CHATFIELD, District Judge. The estate in this proceeding has been substantially used up in the course of litigation. The only creditor who has received anything is the Trow Directory Company, which had a secured claim, and after considerable delay obtained, in a de-

teriorated condition, the property upon which it held its alleged lien. At the present time, as shown by the trustee's report and the opinion of the special commissioner upon the subject of allowances, the condition of the estate is as follows:

| | | |
|---|---:|---:|
| Amount in the hands of the trustee | | $1,039 21 |
| Against this is an item of taxes | $ 24 37 | |
| Expenses of reference | 32 50 | |
| Trustee's commissions | 85 03 | |
| Allowance to attorney for trustee | 300 00 | |
| Claim for rent during occupation by receiver and trustee | 944 01 | 1,385 91 |

All of these items fall within the provisions of section 64a and 64b, subds. 1 and 3, Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447].

The item for taxes should first be paid, under the authority of section 64a. The item for expenses of the reference must be paid to the referee, and, inasmuch as the report is necessary to both the creditor and the trustee, the expenses should be divided, and therefore should be paid next. The item of rent, it is considered, falls properly within the provisions of section 64b, subd. 1, as an actual and necessary cost of preserving the estate subsequent to filing the petition, while the trustee's commissions fall, it is believed, clearly under the provisions of subdivision 3 of the same section. The act provides, in section 64b, that the debts be paid in full out of the bankrupt estate, and that the order of payment shall be (1) the actual and necessary cost of preserving the estate subsequent to filing the petition; (2) filing fees, etc.; (3) the cost of administration.

As to the services of an attorney for the trustee, it is considered that under ordinary circumstances the allowance for such attorney's services would fall within the provisions of subdivision 3 and be subordinated to the payment of debts included under subdivision 1. In cases, however, where the services of this attorney have been necessary for the preservation of the estate, and have tended to benefit or preserve the estate, such an item might well be classified under subdivision 1, if there be sufficient property to cover the various items. In the present case, the entire estate falls short by $346.70 of being sufficient to pay all these claims. The court is unable to consider either party as entirely free from responsibility for the situation. The creditors who have the claim for rent were also the creditors who had a secured lien, and were the only creditors to receive anything out of the estate. The value of their alleged lien was depreciated, assuming that they could have substantiated their claim, by their own actions in opposing a sale. On the other hand, the attorney for the trustee was also the attorney for the receiver and for some of the unsecured creditors, and has received considerable compensation in this case, although his work has probably exceeded, from the standpoint of amount, the extent of his compensation.

While recognizing the principle that no person is to be deprived of a property right, such as the claim for rent, without due process of law, and giving full consideration as well to the proposition that compensation for the use and occupation of real property by a receiver or trustee is a right which cannot be taken away under the provision of

the bankruptcy statute, merely to prevent hardship to some one else, nevertheless, considering this entire proceeding, and the equities as they now exist, as well as the rights which existed at the time both parties to this motion entered upon a course of litigation which has resulted in the present condition of the estate, it is believed that the claims of the attorney for the trustee, and the creditor, for the use and occupation of his premises, should be adjusted, and that the trustee should take as his commissions what may be left.

The report of the special commissioner, therefore, will be confirmed. The special commissioner's fees will be paid, amounting to $32.50; the taxes will be paid, amounting to $24.37, with any accrued interest or penalty; the claim for use and occupation will be allowed and paid, to the extent of $745; the attorney for the trustee will be allowed the sum of $150; the trustee's commissions and disbursements will be allowed, to the extent of $85.03; and whatever balance is left from the fund of $1,039.21, with any accrued interest, may be paid to the attorney for the trustee on account of his disbursements.