In re RUBEL et al.

(District Court, E. D. Wisconsin. August 26, 1908.)

1. BANKRUPTCY (§ 320*)—CLAIMS—UNACCRUED RENT.

Rent on a lease for years, unaccrued at the time of adjudication, cannot be proved as a claim in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 482; Dec. Dig. § 320.*]

2. BANKRUPTCY (§ 255*)—ASSETS—LEASE FOR YEARS—ELECTION.

A bankrupt's trustee has a reasonable time after appointment to determine whether he will adopt a lease for years to the bankrupt as an asset of the estate and offer the same for sale, or whether he will ignore it.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 255.*]

3. BANKRUPTCY (§ 320*)—CLAIMS—UNLIQUIDATED DAMAGES.

A bankrupt's landlord was not entitled to file a claim for damages sustained by an alleged unlawful taking of the premises by the bankrupt's receiver and trustee until the damages had been liquidated by such means as the court might direct on petition therefor as required by Bankr. Act July 1, 1898, c. 541, § 63b, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 479, 480; Dec. Dig. § 320.*]

4. BANKRUPTCY (§ 320*)—LEASE TO BANKRUPT—OCCUPATION BY RECEIVER AND TRUSTEE—NOTICE TO QUIT.

Where a bankrupt's receiver and trustee entered under the bankrupt's lease, they were not trespassers, and could not be made so by service on them of the notice to quit provided for by the Wisconsin statute.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 479, 480; Dec. Dig. § 320.*]

5. BANKRUPTCY (§ 114*)—"RECEIVER"—STATUS.

A bankrupt's receiver is not invested with title, but is a mere custodian without discretion, and until a trustee is appointed there is no legal rep-

---

resentative of the estate clothed with title or authority regarding the same.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 163–165; Dec. Dig. § 114.*

For other definitions, see Words and Phrases, vol. 7, pp. 5993–5997; vol. 8, pp. 7780, 7781.]

**6. BANKRUPTCY (§ 255*)—TRUSTEES—OCCUPATION OF PREMISES.**

Where, after sale of a bankrupt's assets located on leased premises was confirmed on April 30, 1907, the trustee abandoned possession to the purchaser and the landlord might have entered on that day, the trustee was not chargeable with the purchaser's occupation thereafter.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 352; Dec. Dig. § 255.*]

**7. BANKRUPTCY (§ 320*)—CLAIMS—LIQUIDATION—UNEARNED RENT.**

Since an unearned installment of rent, though liquidated, cannot be proven as a claim against the bankrupt's estate under Bankr. Act July 1, 1898, c. 541, § 63a, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447), describing the debts that are provable, a petition to liquidate a claim for the unlawful taking of the premises by the receiver and trustee for the use of the estate could not be allowed under section 63b, authorizing liquidation of unliquidated claims which are provable under section 63a.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 479, 480; Dec. Dig. § 320.*]

## In Bankruptcy.

This is a review of the decision of the referee upon the claim of Edwin H. Abbot for damages for an alleged unlawful taking of the premises by the receiver and trustee for the use of the estate. The bankrupts were in possession under a three years' lease at a rental of $1,300 per annum, payable in monthly installments of $108.33. The lease had a year to run from the 1st day of May, 1907.

The involuntary petition was filed March 30, 1907. On the same day a receiver was appointed, who took possession of the stock of goods and the store. April 10th the petitioner served a notice to quit upon the bankrupts and the receiver. On the 15th of April the petitioner made an application to the referee asking that the receiver surrender the premises, which application was denied. On April 12th the adjudication took place. To facilitate prompt administration, the court made an order that the receiver take an inventory and appraisal of the stock of goods, which was done. On the 29th of April the trustee was appointed. On April 30th the trustee sold out the stock of goods in bulk, and abandoned the store, handing the keys over to the purchaser, instructing him to make terms with the petitioner.

The petitioner shows, and the referee finds, that he had a bona fide opportunity to rent the store in April while the receiver was in possession, but lost the opportunity because he could not engage to deliver possession by the 1st day of May; that all business property is rented from the 1st day of May in Milwaukee; that, notwithstanding diligent efforts in that behalf, he was unable to rent the store until the 1st day of May, 1908; that the rental of the store during the time it remained vacant was reasonably worth more than the rent reserved by the lease to the bankrupt; that by reason of remaining vacant the premises deteriorated. So that altogether the petitioner claims damages for some $2,600, upon the theory that the occupation by the receiver and trustee was tortious.

The referee allowed the claim for the March installment of rent, $108.33, and also allowed the petitioner the further sum of $108.33, being one month's rent for the time the store was occupied under the orders of the court, as a part of the expenses of the administration, and declined to make any further allowance, and dismissed the petition as to unliquidated damages.

Edwin H. Abbot, Jr., Howard Morris, and C. M. Morris, for petitioner.

Cary, Upham & Black, for trustee.

QUARLES, District Judge (after stating the facts as above). The text-books and the authorities all seem to concur in the proposition that rent upon such a lease which has not accrued at the time of adjudication cannot be proven as a claim in bankruptcy. Loveland on Bankruptcy (3d Ed.) 265, 268; Collier on Bankruptcy, 479; In re Jefferson (D. C.) 93 Fed. 948; Bray v. Cobb (D. C.) 100 Fed. 270; Atkins v. Wilcox, 105 Fed. 595, 44 C. C. A. 626, 53 L. R. A. 118; In re Hays and Foster (D. C.) 117 Fed. 879; Watson v. Merrill, 136 Fed. 359, 69 C. C. A. 185, 69 L. R. A. 719. These authorities are not in accord as to the method of reasoning by which the conclusion is reached. Some of them hold that the adjudication destroys the relation of landlord and tenant, and practically annuls the lease. Others hold that the claim, not being provable in bankruptcy, is not affected by the discharge; that the bankrupt remains bound by his covenant, but that the trustee is not bound thereby. It is conceded on all hands that the trustee has a reasonable time after his appointment to determine whether he will adopt the lease as an asset of the estate, and offer the same for sale, or whether he will ignore it entirely. For practical purposes, it makes no difference in the instant case which line of authority is adopted, for either is fatal to a recovery of rent, as such, for the unexpired term.

This petition, however, proceeds upon the theory that the occupation by the receiver and the trustee was tortious, and that a recovery may be had for any damages which proximately flow from the wrongful taking. By this course of procedure the petitioner meets a serious obstacle. The damages which he claims are entirely unliquidated, and, under the provisions of section 63b, Act July 1, 1898, c. 541, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447), would not be ripe for presentation or allowance until they had been liquidated by such means as the court might direct upon a petition to that effect. It appears that no application has been made to liquidate this claim. Under these circumstances it would not be necessary to go further in order to justify the ruling of the referee.

The claimant's attorneys cite the case of Hunter (D. C.) 151 Fed. 901, and insist that it is applicable and controlling here. An examination of this case will show that the lease of the bankrupt had expired before the trustee went into possession, and therefore he was held by the court to be a trespasser. In the instant case the receiver and the trustee entered under the lease, and therefore could not be held to be trespassers. The notice to quit provided for by the Wisconsin statute which was served upon the receiver was ineffectual to change the status of the parties. The receiver is not invested with the title, but is a mere custodian, without discretion, and until the trustee was appointed on the 29th day of April there was no legal representative of the estate who was clothed with title or authority in regard to the same. It appears that the trustee occupied the prop-

erty only two days. The sale was made, and confirmed by the court on the 30th day of April, at which time the trustee abandoned his possession. There was then no reason why the petitioner might not have entered and taken possession on the evening of the 30th day of April. Certainly greater expedition could not have been expected. The fact that the petitioner permitted the purchaser of the stock of goods to remain in the store until the 15th day of May is not to be charged against the trustee.

It may be remarked in passing that, if application had been made to liquidate the claim pursuant to section 63b, the proceeding would have been ineffective unless the claim were of such a nature that, being liquidated, it might have been proven under section 63a. Dunbar v. Dunbar, 190 U. S. 340, 350, 23 Sup. Ct. 757, 47 L. Ed. 1084. We have seen that the unearned installment of rent, although liquidated by a written lease, cannot be proven under section 63a, so that the proceeding to liquidate would have been unavailing in the instant case.

For these reasons, the findings and decision of the referee must be affirmed.