[No. 10720. Department One. March 28, 1913.]

M. FLETCHER, *Appellant*, v. MURRAY COMMERCIAL COMPANY, *Respondent.*[1]

STATUTES—FOREIGN LAWS—PRESUMPTIONS. In the absence of allegation, it will be presumed that the bankruptcy laws of a foreign country are the same as our own.

RECEIVERS—TEMPORARY RECEIVERS—ACTIONS—CAPACITY TO SUE. A temporary or *ad interim* receiver in bankruptcy, not being vested with the title to the estate of the alleged bankrupt, cannot maintain an action on behalf of the estate, in the absence of a showing that the property sought is in danger of being dissipated; and hence has no capacity to sue on mere choses in action or for unliquidated damages.

[1]Reported in 130 Pac. 1140.

Appeal from a judgment of the superior court for King county, Everett Smith, J., entered September 14, 1912, dismissing an action by a receiver in bankruptcy, on a contract of the insolvent, upon sustaining a demurrer to the complaint. Affirmed.

*Douglas, Lane & Douglas,* for appellant.

*Jessie A. Frye,* for respondent.

MOUNT, J.—This appeal is from an order of the lower court sustaining defendant's demurrer to the amended complaint. Plaintiff elected to stand upon the allegations of the amended complaint. The action was dismissed. Plaintiff appeals.

The complaint alleges:

"That the plaintiff is the trustee and official and interim receiver of the estate of Dady Burjor & Co.; that said Dady Burjor & Company was, during all the time herein mentioned, a co-partnership consisting of D. S. Dady Burjor and Frederick Charles Mow Fung; that on the 17th day of June, 1911, the plaintiff was duly appointed official and interim receiver in bankruptcy of the estate of said co-partnership by the supreme court of Hong Kong, China, in cause No. 21 of 1911 in Bankruptcy in said court *in re* Dady Burjor and Company, debtors, *ex parte* Wong Chung, petitioning creditor; and duly qualified as such receiver, and is now the duly qualified and acting official and interim receiver and trustee of the estate of said copartnership; that said court was and is a court of competent jurisdiction exercising general jurisdiction in bankruptcy in said District of Hong Kong. That as such official and interim receiver and trustee the plaintiff secured and is vested with the title to all the assets of said co-partnership; that plaintiff was directed by said court to institute this action. That this action does not involve or affect the rights of any local or domestic creditor."

The complaint then sets up three causes of action, to the effect, first, that Dady Burjor & Company in 1909 entered into a contract with the defendant, by which it was agreed that an agent should be sent to Shanghai, to solicit orders

for certain goods manufactured in England; that these parties were to share the expenses and profits equally; that defendant was to finance the business by letters of credit; that the agent was sent as agreed and obtained certain orders for goods; that the defendant thereafter refused to secure the letters of credit, and refused to pay any part of the expenses of the agent; that Dady Burjor & Company were damaged thereby in the sum of $1,000. For a second cause of action the complaint alleged that, between November, 1907, and May, 1911, Dady Burjor & Company sold goods in China for defendant upon commission, and advanced money for defendant amounting to $2,534.05; that there is a balance due thereon amounting to $891.30. For a third cause, it is alleged, that it shipped certain lumber to said Dady Burjor & Company in China, to be sold upon commission on account and at the risk of the defendant; that Dady Burjor & Company advanced the freight charges and the charges for storing and caring for such lumber for defendant, in the amount of $1,239; that on account of the inferior quality of said lumber the same was unsalable except at a great loss; that defendant has refused to reimburse the said Dady Burjor & Company.

The trial court sustained the demurrer to the complaint upon the ground of want of capacity in the plaintiff to sue in this jurisdiction. The respondent makes three points against the complaint, as follows: (1) An interim receiver in bankruptcy has no legal capacity to sue in courts other than those of his appointment; (2) the bankruptcy laws of a foreign country do not operate as a transfer of property located in the United States; (3) a receiver has no extraterritorial jurisdiction or power of official action. Our view upon the first of these points renders a discussion of the other two unnecessary.

The complaint alleges,

"That on the 17th day of June, 1911, plaintiff was duly appointed official and interim receiver in bankruptcy of the

estate of such copartnership by the supreme court of Hong Kong, China, . . . and duly qualified as such receiver, and is now the duly qualified and acting official and interim receiver and trustee of the estate of said copartnership."

The bankruptcy law of the District of Hong Kong, China, is not pleaded, and we are not informed that the bankruptcy law of that district is different from the bankruptcy law in the United States.    In the absence of such information, we must presume that such law is the same there as it is here. *Daniel v. Gold Hill Mining Co.*, 28 Wash. 411, 68 Pac. 884. The law here "authorizes bankruptcy courts to appoint receivers or the marshals, in certain cases, to take charge of and preserve the estate." 5 Cyc. 246.

"Courts of bankruptcy may appoint receivers upon the application of parties in interest to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified, if they find it absolutely necessary for the preservation of the estates." 5 Cyc. 270.

Such receivers are merely temporary or interim.    They are not vested with title to the estate of the alleged bankrupt, but hold the property merely to preserve the subject-matter of the action [Collier, Bankruptcy (1st ed.), p. 32], and they have no extraterritorial powers. *In re Benedict*, 140 Fed. 55; *In re Rubel*, 166 Fed. 131.    The allegation in the complaint, that the plaintiff is the "acting official and interim receiver and trustee," can mean no more than a mere temporary officer in bankruptcy, because the duties of receiver cease upon the qualification of the trustee. 5 Cyc. 270.

Conceding that the temporary receiver of the property may, before the selection and qualification of the permanent trustee, proceed to take the property of the alleged bankrupt in a foreign country, there must be some showing that the property sought is in danger of being dissipated.    There is no such showing here, for it appears that the items sought are mere choses in action, and two of them, at least, unliqui-

dated damages which cannot be lost except by the insolvency of the defendant.

We are of the opinion, therefore, that the interim or temporary officer has no right to maintain the action, even though we should conclude that a permanent trustee might do so. The judgment is therefore affirmed.

CROW, C. J., CHADWICK, GOSE, and PARKER, JJ., concur.