### In re MANHATTAN PIGGLY-WIGGLY CORPORATION.

#### Ex parte REGNIS HOLDING CORPORATION.

(District Court, S. D. New York. October 19, 1923.)

1. **Bankruptcy ⊂⊃138(1), 255—Trustee entitled to possession of leased premises until lawfully disturbed.**

   A bankrupt's lease, like any other chattel, passes to trustee, and trustee is entitled to possession of premises until lawfully disturbed.

2. **Bankruptcy ⊂⊃255—Lessor's remedy, where receiver refused to pay rent, stated.**

   Where receiver is in possession of premises under bankrupt's lease, containing a condition of re-entry for breach of a covenant to pay rent, and fails to pay rent, lessor may come into the District Court, declare on the lease and broken condition, and demand possession or a new tenure, under which the receiver would be obliged to pay for use and occupation; but, until lessor did, receiver is not liable for rent, the only undertaking being the lessee's.

3. **Bankruptcy ⊂⊃255—Accounts of trustee paying rent, without any agreement or proceeding by lessor, may be surcharged.**

   Though it has been the custom for receivers to pay rent without any agreement or any proceedings taken by lessor, the practice is a loose one, and a receiver making such a payment may be properly surcharged with it in his accounts.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the Manhattan Piggly-Wiggly Corporation, bankrupt. On petition of the Regnis Holding Corporation to compel a receiver in bankruptcy to pay rent to it as landlord of the bankrupt. Petition denied.

Isidore Lowenbraun, of New York City, for the motion.
Lewis H. Saper, of New York City, opposed.

LEARNED HAND, District Judge. The cause is thus: The receiver was appointed and took possession of the assets on November 18, 1922, among which was a lease executed between the bankrupt and petitioner. The rent was payable monthly in advance, and the lease contained the usual condition of re-entry for breach of the covenant to pay rent. The bankrupt did not pay the rent falling due on November 1st, but the lessor took no steps to re-enter, either before or after the entry of the receiver, nor did he make an agreement with the latter respecting his occupation. Eventually he demanded the rent as for use and occupation, which the receiver refused as to the November rent, on the theory that, as the lessor had not demanded possession of him, he had always held in the lessee's right.

[1, 2] Upon failure of the lessee to pay, the lessor had the right to dispossess him for breach of condition. Until he did, the lessee might enjoy possession, and the risk of loss of the rent lay with the landlord, who had nothing but the lessee's promise. The condition was security for the covenant, and is treated as such, for the lessee may always redeem. The possession of the lease, a chattel real, passed to the receiver, like the possession of any other chattel. When he entered the premises, he was entitled to enjoyment of it until lawfully disturbed. The lessor might come to this court, declare on the lease and broken condition, and demand possession or a new tenure, under which the receiver would be obliged to pay for use and occupation. Until he did, the receiver, holding as successor to the lessee, was not liable at all; till then the only undertaking was the lessee's.

[3] It therefore follows that the receiver is right, and need not pay. When the possession of the premises passes to a receiver, the lessor must take some action, or agree with the receiver; else he consents to the status quo. Indeed, the receiver was under no obligation to pay the December rent, and would be properly surcharged with it in his accounts. It has indeed been the custom for receivers to pay rent without any agreement, or any proceedings taken by the lessor; but the practice is a loose one, and cannot justify disregarding the well-fixed rights of the parties when they insist upon them.

Petition denied.