## In re MLLE. LEMAUD, Inc.

(District Court, D. Massachusetts.    May 12, 1926.)

No. 30691.

**1. Bankruptcy ⬥255—Receiver or trustee liable for rent while occupying leased premises, and rent reserved usually regarded as reasonable rent.**

A receiver or trustee in possession of bankrupt's property on premises of another, and who occupies those premises for the purpose of winding up the affairs of the bankrupt, must pay the owner a reasonable sum for such use and occupation, and cannot evade such liability by showing he has no funds, and, if bankrupt is holding under a lease, the rent reserved in the lease will ordinarily be taken as a reasonable rent to be paid.

**2. Bankruptcy ⬥318(4).**

A landlord can only prove a claim for rent accruing under lease to the date of filing of the petition.

**3. Landlord and tenant ⬥101½.**

Lease reserving right of re-entry on bankruptcy of lessee is not terminated by the bankruptcy, but only by a re-entry.

**4. Bankruptcy ⬥318(4)—Landlord held, under the facts, not entitled to claim for rent prior to possession by receiver.**

Landlord, who did not exercise his right to terminate lease on bankruptcy, made no claim until after the premises were vacated by the trustee, and did not press his claim until after the estate had been distributed to creditors in dividends, *held* not entitled to allowance of rent prior to possession by receiver.

In Bankruptcy. In the matter of Mlle. Lemaud, Inc., bankrupt. On review of order of referee. Order vacated, and new order entered.

Samuel J. Freedman, of Boston, Mass., for trustee.

A. B. Tolman, of Lynn, Mass., for landlord.

BREWSTER, District Judge. I have to review on certificate an order of the referee requiring the trustee of the above-named bankrupt to pay $625 to the lessor of the premises occupied by the bankrupt at the time these proceedings were instituted. An involuntary petition was filed September 9, 1922. The possession of the bankrupt was undisturbed until October 12, 1922, when a receiver took possession of the premises, and continued in possession until October 28, 1922, when the premises were vacated. The landlord thereafter petitioned the referee, asking that he be paid rent for the period beginning with the date of the filing of the petition in bankruptcy and ending on the date when the premises were surrendered by the receiver. The referee allowed the claim for $625 as compensation for the use of the premises during the entire period between the date of the petition and October 28, 1922. It appears that the trustee has declared dividends, and there are not sufficient funds in his hands as trustee to pay this amount. His claim was seasonably filed, but no action seems to have been taken on it until distribution had been made. Although the certificate does not show, it was stated during the course of the argument before me that the bankrupt held under a written lease, which contained the usual clause reserving to the lessor the right to enter and terminate the term of the lease in the event of bankruptcy, but that the landlord had not exercised this right of re-entry.

I assume these facts to be true and proceed accordingly. In the absence of any affirmative statement to the contrary, I also assume that the receiver did not elect to adopt the lease, nor did he make any express agreement with the landlord respecting the payment of rent during his period of occupancy.

[1] The trustee seeks to avoid the payment of any sum whatever for the use of the premises. In support of his contention he cites In re Manhattan Piggly-Wiggly Corporation (D. C.) 296 F. 944, where it was held that, in the absence of any re-entry on the part of the landlord, or any agreement to pay made by the receiver, the receiver was under no obligation to pay rent. But I find that this opinion is not altogether in harmony with earlier decisions of that court. See In re Sherwoods, Inc., 210 F. 754, 127 C. C. A. 304, Ann. Cas. 1916A, 940. Nor does it appear to meet the unqualified approval of the Circuit Court of Appeals in the Second Circuit. See Oscar Heineman Corporation v. Nat. Levy & Co., Inc., 6 F.(2d) 970. But, whatever may be the rule in other jurisdictions, it has for many years been well settled in this circuit that a receiver or trustee in possession of bankrupt's property on premises of another, and who occupies those premises for the purpose of winding up the affairs of the bankrupt, must pay the owner a reasonable sum for such use and occupation. In re Adams Cloak, Suit & Fur House (D. C.) 199 F. 337, 28 Am. Bankr. Rep. 923; Matter of Crawford Plummer Co. (D. C.) 253 F. 76, 42 Am. Bankr. Rep. 92. If the bankrupt is holding under a lease, the rent reserved in the lease will ordinarily be taken as a reasonable rent to be paid. In re Adams Cloak, Suit & Fur House, supra, and cases cited. I therefore find little difficulty in arriving at the conclusion that the trustee in this case must pay the landlord for the 16 days during which he was in possession.

The landlord's claim for this period must be recognized as an equitable right, growing out of an implied obligation to pay for the use and occupation of the premises when occupied by an officer of the court, who represents the creditors in the administration of the estate. This right the trustee cannot ignore or evade by showing that he has no funds in his hands.

But the landlord's claim against the estate for rent during the period the bankrupt occupied the premises and before the receiver was appointed rests upon an entirely different ground. I am unable to see how he can claim this rent as of right, in the absence of any agreement on the part of some one representing the estate to pay the rent for this period.

[2] The authorities appear to be practically agreed that the landlord can only prove a claim for rent accruing under a lease only up to the date of the filing of the petition. In re Ells (D. C.) 98 F. 967, 3 Am. Bankr. Rep. 564; Collier on Bankruptcy (13th Ed.) p. 1422.

[3] But they are not wholly in accord respecting the effect of bankruptcy upon the rights and obligations of the parties to the lease. In some jurisdictions it is held that adjudication in bankruptcy terminates the lease and puts an end to all of the personal obligations of the bankrupt lessee growing out of the lease. Bray v. Cobb (D. C.) 100 F. 270; In re Jefferson (D. C.) 93 F. 948. But this doctrine has been expressly repudiated in this court in Re Ells, supra, where it was held that a lease reserving the right of re-entry in case of bankruptcy was not terminated by the bankruptcy of the lessee, but could only be terminated by a re-entry under the terms of the lease. The leasehold interest of the bankrupt may be preserved for the benefit of creditors by an election on the part of the trustee to assume it, and thereupon the trustee would become liable for the rent reserved in the lease; but, if the trustee does not elect to adopt the lease within a reasonable time, no obligations arise under the lease requiring the bankrupt estate to pay the rent reserved. In re Ells, supra; Watson v. Merrill, 136 F. 359, 69 C. C. A. 185, 69 L. R. A. 719; In re Roth & Appel, 181 F. 667, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270.

[4] Theoretically, at least, the obligation to pay rent arising subsequent to bankruptcy under a written lease, which is neither terminated by the lessor nor adopted by the receiver or trustee, continues to be the obligation of the lessee, notwithstanding his bankruptcy. I am aware that as a practical matter this obligation is not likely to be met, but the lessor may resort to his rights to repossess and thus terminate the tenancy. If the court should enjoin the lessor from exercising this right in order to preserve the estate of the bankrupt, a situation would be presented which might require the court to allow the rent as a proper expense of preserving the assets of the bankrupt incurred in the course of administration, but in the case at bar the landlord was content to permit the bankrupt to remain in possession until the receiver was appointed. He made no claim against the estate for rent until after the premises were vacated.

13 F.(2d)—14

He did not press his claim before the referee until the estate had been paid over to creditors. The trustee ought not now to be required to go into his own pocket for the rent, unless the landlord can establish a right superior to the rights of the creditors.

For the reasons above indicated, I am of the opinion that I should not now hold that the trustee has paid to creditors any money upon which the landlord had a prior claim. In arriving at this result, I do not wish it understood that I am holding that a receiver or trustee could not agree with the landlord to pay a reasonable compensation for the use of the premises from the date of the petition in bankruptcy, if the interest of creditors so required. I express no opinion on such an administrative duty, because that situation is not now before me.

The order of the referee is vacated, and an order may be entered requiring the trustee to pay to the claimant $200, covering rent at the rate stipulated in the lease for the 16 days during which the receiver occupied the premises.