## SPROUL v. HELP YOURSELF STORE CO.

. (Circuit Court of Appeals, Third Circuit. December 22, 1926.)

No. 3493.

1. **Landlord and tenant ⚖➔112(2)—Lessor held not to have waived forfeiture, declared on bankruptcy of lessee, by acceptance of rental payment from receivers.**

Lessor's acceptance of check for rent from receivers in bankruptcy of lessee after declaring forfeiture of the lease pursuant to its terms *held* not waiver of the forfeiture declared, in view of letter written before such payment reciting that payment would be construed only as payment for receivers' occupancy.

2. **Landlord and tenant ⚖➔112(1)—Question of waiver of forfeiture of lease is mainly one of intent.**

Whether landlord intended to waive forfeiture of lease previously declared is mainly question of intent.

Appeal from the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Proceeding under the Pennsylvania Declaratory Judgments Act to determine rights of the Help Yourself Store Company, landlord, against R. C. Sproul, trustee in bankruptcy of Louis Krieger, individually and trading as the Krieger Cloak & Suit Company, lessee. From a decree (In re Kreiger, 15 F.[2d] 90) for the Help Yourself Store Company, the trustee appeals. Affirmed.

Frank R. S. Kaplan, of Pittsburgh, Pa., for appellant.

Harvey M. Aronson and Aronson & Aronson, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Krieger occupied premises under a lease which gave the lessor the right to increase the rent or declare the lease forfeited in the event of the lessee's bankruptcy. When eventually that happened the lessor elected to declare a forfeiture, and the controversy (which we shall state presently) was brought before the District Court, sitting as a court of bankruptcy, in a proceeding authorized by an Act of the Assembly of Pennsylvania known as the "Declaratory Judgments Act" (approved June 18, 1923 [P. L. 840; Pa. St. Supp. 1924, §§ 12805a1 to 12805a16]), which enables interested parties to submit and obtain a court's decision on a question (otherwise moot) concerning the construction or the validity of a written contract.

In instituting this proceeding both parties agreed that under the Conformity Act (R. S. § 914; Comp. Stat. § 1537) this state statute could and should be followed in bankruptcy cases. While the proceeding was not challenged either in the trial court or in this court on appeal, we pause to note a doubt as to its validity, based on familiar law that every bankruptcy proceeding, like bankruptcy jurisdiction, is of federal origin, and on the view that the Conformity Act does not graft state procedures on bankruptcy courts, no matter how convenient or desirable they

may be. However, until it is raised and argued, we shall not decide the question but shall treat this case as though it were one brought in the bankruptcy court by such appropriate federal procedure as would, in the orderly administration of the estate, bring on the controversy for a decision.

The single question is whether the lessor waived a forfeiture of the lease by subsequently accepting a check from the bankrupt's receivers bearing words which state that it was in payment of rent. The trial court held against waiver and the bankrupt's trustee, having elected to assume the lease, appealed. Rosenblum v. Uber, 256 F. (C. C. A. 3d) 584, 588.

[1] The trustee does not question the lessor's right to declare a forfeiture, nor does he challenge the forfeiture as declared, but claims it was waived on facts which he states in this way: On December 1, 1925, one month's rent was due in advance. The petition in bankruptcy against the tenant was filed on December 9. Correspondence between the attorney for the lessor and the attorney for the receivers ensued. Referring to this interchange of letters as though made by the principals, the lessor, on December 17, wrote the receivers of the bankrupt informing them of the amount of rent due for December and amounts in arrear from previous months, and stating that it gave this information without prejudice to or a waiver of its right to declare a forfeiture or demand double rent. On December 23 the receivers apprised the lessor that they would send a check for December rent. On December 24 the lessor declared a forfeiture of the lease. On December 30 the receivers mailed a check to the lessor for an amount covering several items of the rent (including water, heat and light) and bearing the words "On account of December rent." On December 31 the lessor received the check and accepted it, according to its letter of acknowledgment, not as rent for the month of December but "only for use and occupancy by you (the receivers) of said premises of the former tenant for the month of December," stating that "the acceptance of this rent is not in any manner a recognition of the former tenant, Louis Krieger, and as heretofore advised, the landlord (lessor) has declared a forfeiture of the original lease, and by reason thereof same is terminated, and the payment of this rent is in no manner to be construed rental under the said original lease or a waiver of the forfeiture heretofore declared." The receivers made no reply. On January 15, 1926, they mailed a check in payment of January rent and for the first time declared: "We feel the

lease is an asset of the bankrupt, and that it will be held as such." Immediately the lessor notified the receivers that the January check would not be accepted in payment of rent under the lease but only as an administrative expense of the receivers for use and occupancy of the premises. Hearing nothing from them, the lessor returned the January check.

This is the case as the appellant states it, and if it were the whole case it clearly would raise a question whether, by accepting the check for the indicated purpose of paying "December rent," the lessor had waived the forfeiture of the lease previously declared, on the principle that a party paying money has a right to direct its appropriation and also on the principle that the party to whom it is delivered must refuse it or accept it on the condition imposed in the tender. Porter v. Merrill, 124 Mass. 534; Conger v. Duryee, 90 N. Y. 594; Smuller v. Union Canal Co., 37 Pa. 68; Washington N. G. Co. v. Johnson, 123 Pa. 576, 16 A. 799, 10 Am. St. Rep. 553. But there is one important and, we think, controlling fact omitted from this recital, which is, that at the time of the forfeiture, validly made on December 24—a date prior to the delivery of the check in question —the lessor said to the receivers:

"As heretofore written you, the rental for the month of December remains unpaid, and we are waiting payment thereof by the receiver, which, however, is not in any manner to be construed in recognition of payment under the original lease, but only payment by the receiver for occupancy, consisting of steam, water, light and premises rental."

Though inartificially phrased, we regard this as a notice distinctly made by the lessor to the receivers at the time of the forfeiture that any payment which they should thereafter make would be accepted not for the lessee's rent but for their occupancy. When, later, the receivers tendered a payment, this notice was outstanding against them and, we think, qualified, and, indeed, abrogated the ordinary legal force that goes with a notice written upon a check as to the appropriation of the sum. The receivers knew when they sent the check the only manner in which it would be applied. Moreover, the receivers were under no obligation to pay rent, and if they had paid it they could be surcharged with it in their accounts. In re Manhattan Piggly Wiggly Corp. (D. C.) 296 F. 944. The trustee had not been elected and therefore his option to assume or reject the lease had not been exercised. Rosenblum v. Uber, supra. The lessor, however, had forfeited

the lease, as it had a right to do. Therefore the law imposed upon the receivers not the duty to pay rent but the duty merely to pay for their use and occupancy. It was to the performance of this duty that the lessor at all times held them.

[2] As a question of waiver is mainly a question of intention, 40 Cyc. 261, we find in the correspondence no intention on the part of the lessor to waive the forfeiture. Indeed, we observe every intention on its part to stand by the forfeiture and demand, not rent, but payment for the receivers' use and occupancy of the premises.

The decree is affirmed.