**MEEHAN v. KING et al.**

No. 2587.

Circuit Court of Appeals, First Circuit.

Jan. 5, 1932.

Harry Bergson, of Boston, Mass. (Danforth W. Comins, of Boston Mass., on the brief), for appellant.

Albert M. Lyon, of Boston, Mass., for appellees.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge.

This is a petition filed in a bankruptcy proceeding of E. E. Gray Company, asking that a receiver be directed to pay to the appellees Tarrant P. King et al. two months' rent under a lease executed by E. E. Gray Company, November 9, 1920, covering a warehouse building on Elkins street, South Boston. The term of the lease began January 1, 1921, and ended December 31, 1930. The monthly rental was $2,500 payable in advance, plus charges for light, use of elevator, water and meter rentals. The property leased was occupied by the bankrupt as a warehouse the greater portion of the term. On November 1, 1930, Charles H. Lusk was appointed receiver of the bankrupt company. On that date, there was no property of the bankrupt on the leased premises. No use was being made of them by the bankrupt except as certain portions were used by subtenants holding leases from the bankrupt executed prior to bankruptcy, all of which expired on December 31, 1930.

The lease to the bankrupt company contained a clause giving the lessors the right to terminate the lease in the event of bankruptcy or the appointment of a receiver.

On November 2, 1930, the receiver notified the lessors of his appointment. He was asked what he was going to do with the leased premises, and replied that he would have to consult an attorney. Thereafter he did not communicate with the lessors, nor did the lessors communicate with him. The receiver did not take possession of the premises, which remained empty for two months, except for the occupancy of the subtenants. The receiver collected the rents from the subtenants for the months of November and December. No further move was made by either the lessors or the receiver prior to the expiration of the lease December 31, 1930. On January 16, 1931, the receiver delivered the keys to the lessors. The lessors claim the trustee in bankruptcy should pay the rent of said building according to the terms of the lease to the bankrupt or the fair rental value of the premises for the months of November and December, 1930, during which time the bankrupt estate was in the hands of the receiver.

There was a hearing on appellee's petition before the referee in bankruptcy, who denied the claim of the lessors, but directed the trustee of the bankrupt estate to return to the petitioners all sums received from sublessees during November and December. The trustee is ready and willing to comply with said order.

The lessors sought a review of the referee's order, and upon hearing the District Court decreed that the order of the referee disallowing the claim of the lessors be reversed and their claim allowed in accordance with their lease amounting to $5,067.23. The trustee appealed to this court. He contends that the estate of E. E. Gray Company is not liable for rent for premises which it did not use or occupy during the period in which the estate was in the hands of a receiver prior to the appointment of a trustee.

The case at bar is not one where the lessors are offering a proof of claim as a creditor for the unexpired term upon which they seek to receive dividends. They are asking for the payment of two months' rent as part of the administration expense of the bankrupt's estate on the ground that the receiver failed to disaffirm the lease, and therefore the estate is liable for the rent.

The appellant contends that a receiver appointed by the bankruptcy court is merely a temporary custodian of the bankrupt estate, and that his duties are preservative rather than administrative; citing Skubinsky v. Bodek (C. C. A.) 172 F. 332, 24 L. R. A. (N. S.) 985, 19 Ann. Cas. 1035.

■ The power to appoint a receiver in bankruptcy proceedings is statutory. He is a statutory receiver as distinguished from a receiver appointed by a court of equity.

The authority of the latter is derived, and his duty prescribed, by the order of appointment. A receiver in bankruptcy derives his power from the statute, and he can act only in accordance therewith.

Under Bankruptcy Act section 2 (3) the court has power to "appoint receivers or the marshals, upon application of parties in interest, in case the courts shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified."

Under section 2 (5), the court may "authorize the business of bankrupts to be conducted for limited periods by receivers, the marshals, or trustees, if necessary in the best interests of the estates."

Under section 2 (15), the court may "make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this title." [11 USCA § 11 (3, 5, 15)].

■ The decree under which the receiver obtained his appointment is not found in the record. There is nothing to indicate that he was more than a custodian appointed under section 2 (3) of the Bankruptcy Act (11 USCA § 11 (3). His possession of the bankrupt's assets was not by act of the parties or under any assignment. No change of title occurred by reason of his appointment. He held under and for the court appointing him. The property in his custody was in custodia legis. His appointment was made only after a finding of absolute necessity for the preservation of the estate. He could perform duties of an administrative character only by order of the bankruptcy court. His duty was to preserve and protect the bankrupt estate temporarily between the date of the filing of the petition and the termination of the bankruptcy proceedings or the appointment of a trustee.

■ It plainly is not contemplated that a receiver or the marshal appointed under section 2 (3) should supersede the trustee or exercise the general powers conferred upon a trustee. Boonville National Bank v. Blakey (C. C. A.) 107 F. 891.

■ When the receiver is appointed under section 2 (3), supra, he may perform administrative duties as directed in the decree appointing him. In such cases, it often occurs that assets when taken over by the receiver are located on leased premises, and, where there is a leasehold estate, it may or may not be the duty of the receiver to take possession of the premises for the purpose of carrying on the business of the bankrupt until a trustee is appointed. But such administrative duties can be performed only by order of the court.

■ If the receiver actually occupies the leasehold premises, a reasonable rent is a charge against the administration of the estate. In re Adams Cloak, Suit & Fur House (D. C.) 199 F. 337; In re Mlle. Lemaud, Inc. (D. C.) 13 F.(2d) 208; Watson v. Merrill (C. C. A.) 136 F. 359, 363, 69 L. R. A. 719.

■ This brings us to the question of whether or not upon the facts disclosed it can be held that there was occupancy by the receiver.

No goods belonging to the estate were stored in the warehouse. The receiver did not take actual physical possession of it. It is conceded that certain portions of the leased premises were occupied by subtenants. But the subtenants held possession by virtue of contracts with the bankrupt, and not by virtue of any contract with the receiver. Title to the leasehold premises did not pass to the receiver, and he neither affirmed nor repudiated the lease [In re Roth & Appel (C. C. A.) 181 F. 667, 31 L. R. A. (N. S.) 270]; and unless it can be said that the collection of rents from the subtenants constituted occupancy by the receiver the estate cannot be held liable for use and occupation.

■ The possession of the subtenants under leases made before bankruptcy cannot be construed as occupation by the receiver; their contracts were with the bankrupt. Their right to possession was not disturbed by the receiver, nor could it have been without an order of court. The receipt of rent from the subtenants gives no force to the plaintiffs' contention, because it was the receiver's duty to preserve the estate, collect the rents, and hold them subject to the order of the court. When a receiver in bankruptcy acts as an officer of the court in the administration of an estate, the court has jurisdiction to determine the validity of his acts. The referee ordered the trustee to re-

turn to the lessors all sums received during the months of November and December from sublessees. In so doing, he disaffirmed any act of the receiver that possibly could be construed as an affirmance of the lease. The ruling of the referee disallowing appellees' claim was correct. The District Court erred in reversing his decision.

The order of the District Court is reversed, and the case is remanded to that court, with directions to enter a decree affirming the order of the referee; the appellant to recover costs.