## In re McCRORY STORES CORPORATION et al.

## DICKSON et al. v. IRVING TRUST CO.
## No. 321.

Circuit Court of Appeals, Second Circuit.

March 5, 1934.

Henry Alan Johnston, of New York City, for petitioners-appellants.

Rosenberg, Goldmark & Colin, of New York City (Godfrey Goldmark, of New York City, of counsel), for respondent-appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

William Petty Dickson and others, who owned premises Nos. 226–228–230 Granby street and No. 221 Monticello street, in the city of Norfolk, Va., made a lease of those premises to J. G. McCrory Company, Virginia, on March 6, 1924, for a term of thirty years, whereby J. G. McCrory Company, Virginia, agreed to pay to the lessors as rental $25,000 per annum for ten years and six months from July 1, 1924, and also to pay all taxes and insurance. The J. G. McCrory Company, Virginia, was a subsidiary of McCrory Stores Corporation, and the latter company guaranteed to the lessors the performance of all the covenants of the lease by the J. G. McCrory Company, Virginia. The lessee defaulted in the payment of the monthly installment of rent which fell due on January 1, 1933, and taxes amounting to $6,009.36 were then due and unpaid.

On January 14, 1933, McCrory Stores Corporation filed a voluntary petition in bankruptcy in the District Court for the Southern District of New York. On the same day it was adjudicated a bankrupt, and on January 31, 1933, Irving Trust Company was appointed trustee. On this last date each of the subsidiary corporations filed a voluntary petition and was adjudicated a bankrupt, and on February 2, the bankruptcy proceedings of the subsidiary corporations and of McCrory Stores Corporation were consolidated. On January 31, 1933, upon a petition by the trustee, and on notice to the McCrory Stores Corporation, J. G. McCrory Company, Virginia, and other subsidiaries, an order was made by the District Court that all of the property and assets, real and personal, and wherever situated, of J. G. Mc-Crory, Virginia, and the other subsidiaries "were at the time of the filing of the petition in bankruptcy * * * the property and assets of the bankrupt and title thereto is now in Irving Trust Company as Trustee in Bankruptcy of McCrory Stores Corporation and within the control and custody of the United States District Court for the Southern District of New York." The same order enjoined all persons from interfering with the possession of the assets of McCrory Stores Corporation by the Irving Trust Company as trustee, but was made without prejudice to the rights of the creditors of each of the subsidiaries to assert their rights in the bankruptcy proceeding.

On March 21, 1933, on petition of the trustee, the referee made an order authorizing the trustee to reject any and all right, title, and interest in any of the leases held by the subsidiary corporations, including the lease made by William Petty Dickson and others to J. G. McCrory Company, Virginia, and to abandon the premises demised under said lease. On May 23, 1933, the trustee gave notice to the attorney for the lessors that it disaffirmed and rejected all right, title, and interest in the Norfolk lease and did not assume any rights or liabilities under the same.

The trustee did not occupy the premises embraced in the Norfolk lease, though it collected rents from subtenants of the bankrupt until it disaffirmed the lease on May 23, 1933, and disclaimed any obligation thereunder. The lessors pray for payment of a reasonable rental for use and occupation between January 14, 1933, the date when the petition in bankruptcy was filed, and May 23, 1933, when the lease was disaffirmed. The District Court denied the application, but allowed the lessors the amount of such rentals as were collected by the trustee from the subtenants.

In Matter of United Cigar Stores Co. (Ex parte Reisenwebers, Inc.) 69 F.(2d) 513 handed down herewith, we have discussed the general aspects of the right of a trustee to elect to adopt or reject a lease within a reasonable time, and, when a lease is rejected, or the arrears of rent thereunder are not paid by the trustee, the right of the lessor of a tenant, who is insolvent, to an equitable lien upon rentals due or collected from subtenants in order to satisfy rent payable under the main lease. Appellants argue that the case at bar differs from Matter of United Cigar Stores Co. (Ex parte Reisenwebers, Inc.), because of the provision in the order of January 31, 1933, that all of the property and assets of J. G. McCrory "were at the time of the filing of the petition in bankruptcy * * * the property and assets of the bankrupt and title thereto is now in Irving Trust Company as Trustee in Bankruptcy of McCrory Stores Corporation." This is said to have involved an exercise by the trustee under the sanction of the court of its election to affirm the lease. But such an interpretation of the order seems to us utterly unreal. The title of J. G. McCrory Company, Virginia, that was sought to be placed in the trustee of McCrory Stores Corporation embraced only such rights as a trustee of the former company would have. Any right of the trustee in the leasehold was not a title thereto, but an option to acquire title if acquisition should seem to the trustee best for the estate. The action of the creditors' meeting, and the order of March 21, 1933, as well as familiar principles of law set forth in Oscar Heineman Corporation v. Nat Levy & Co. (C. C. A.) 6 F.(2d) 970, 43 A. L. R. 727, In re Sherwoods (C. C. A.) 210 F. 754, Ann. Cas. 1916A, 940, and In re Frazin (C. C. A.) 183 F. 28, 33 L. R. A. (N. S.) 745, all show that the trustee of McCrory Stores Corporation acquired no more under the order of January 31, 1933, than the right to adopt the lease of the premises from Dickson and others to J. G. McCrory, Virginia, within a reasonable time.

The collection of the subrents did not amount to actual or constructive possession of the leased premises. Irving Trust Co. v. Densmore (C. C. A.) 66 F.(2d) 21; Meehan v. King (C. C. A.) 54 F.(2d) 761. What might have been the situation if the lessors had promptly applied to the District Court for leave to enforce their common-law rem-

edics and had been held off pending the exercise of the election, we need not say. Here the lessors took no such steps to obtain possession. The injunction did not prevent such an application from being made. The injunction was in terms without prejudice to the right of any creditor of the subsidiary corporations to assert his rights. Moreover, such a writ granted in the Southern district was not operative in Virginia and was not a bar to proceedings there to obtain possession of the demised premises. As we understand the assignments of error, the order appealed from is not objected to except so far as it has denied compensation for use and occupation of premises which have never been actually occupied by the trustee. In the circumstances, we think that no compensation was due for waiting a reasonable time to determine whether to adopt or reject the lease.

The order is affirmed.