REBECCA HECKLAU, APPELLEE, v. GUSTAVE HAUSER, APPELLANT.

Submitted June Term, 1904—Decided November 7, 1904.

Where a deposit is made by the lessee, in consideration of the making of the lease, to indemnify the lessor against a failure to perform the covenants of the lease, and in case such failure does not occur, to pay the last three months of rent reserved under the lease, at the expiration thereof; if, during the running of the lease, and before the last three months of its term, default be made in the payment of the rent reserved for any month, and the lessee is dispossessed by the lessor, the lessee may recover from the lessor the amount of the deposit in excess of the rent in default, and the water taxes then due by the lease, no other default under the lease being alleged or shown.

---

On appeal from the Hoboken District Court.

Before Justices Fort and Reed.

For the appellant, *Weller & Lichtenstein.*

For the appellee, *James M. Minturn.*

The opinion of the court was delivered by

Fort, J. By the terms of the lease in this case, $285 was deposited by the plaintiff with the defendant, upon the fol-

lowing condition: "In consideration of the making of the within lease by the said party of the first part to the said party of the second part, the said party of the second part has deposited with the party of the first part the sum of two hundred and eighty-five dollars, the receipt whereof is hereby acknowledged, as *guarantee and forfeit* for the due performance of the conditions of the within lease, which sum is to be applied first to the payment of the cost of such default, and secondly, if there be no default, to the payment of the last three months of aforesaid term. Said deposit shall bear no interest."

The lease was between the parties to this action, and was dated February 21st, 1901, and ran for ten years from the 15th day of March, 1901. The rent was payable monthly, on the first day of each month. The plaintiff entered into possession of the premises under the lease.

On November 1st, 1903, the plaintiff defaulted in the payment of the rent for that month, and proceedings were taken by the defendant under the Landlord and Tenant act, under which the plaintiff was dispossessed from the premises. This suit was then instituted to recover the amount of the deposit, under the terms of the clause in the lease above quoted.

The plaintiff obtained judgment in the court below for the amount of the deposit, less the rent for the month of November, 1903, and the water rent then due upon the premises, and to be paid by the plaintiff under the covenants in the lease. This, we think, was right. There was no allegation of any other default existing prior to the date of the dispossession of the plaintiff from the premises, for which the deposit could be held.

The deposit, under the lease, was a conditional one—*first,* to make good any default under the lease; that, we suppose, means any default in the doing of any of the things agreed by the lease, and, in default thereof, to pay damages; and *second,* if no default occurred, the said deposit was to pay the rent of the last three months of the term demised.

No allegation is made of any default in the performance of any of the covenants of the lease prior to the plaintiff's dispossession, except the failure to pay the rent for the month of November, 1903. The lease terminated with the dispossession, by the act of the defendant. The last three months of the term were the three months immediately preceding the dispossession. For those three months, with the exception of the month of November, the rent had been paid, thus leaving due at the expiration of the lease but a single month's rent.

It was, as the New York Court of Appeals says, in *Chaude* v. *Shepard*, 122 *N. Y.* (at *p.* 401), "an indemnity merely. The plaintiff's relation as tenant can be terminated before the end of the term only by the act or consent of the defendant, and when he accomplished it and took possession of the premises, the damages with which the plaintiff was chargeable were those only which resulted from the breach of the covenants prior to the entry of the defendant upon the termination by the latter of the plaintiff's tenancy, as there could, in the nature of the case, be no breach of them committed by the plaintiff after the effectual termination of such relation and re-entry by the defendant." *Scott* v. *Mantells*, 109 *N. Y.* 1.

We think the District Court rightly held that the plaintiff was entitled to recover the fund deposited, less the November rent and water tax due under the lease.

The judgment is affirmed, with costs.