UNITED ELECTRIC COMPANY OF NEW JERSEY, PROSE-CUTOR, v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE ET AL.

Submitted March 24, 1906—Decided June 11, 1906.

In a proceeding to take away property rights granted by an ordinance, or otherwise possessed by an individual or corporation, a municipality can only act after notice, and opportunity to be heard has been given to the person or corporation whose property rights are to be affected.

On *certiorari.*

Before Justices FORT, PITNEY and REED.

For the prosecutor, *Charles W. Fuller* and *Frank Bergen.*

For the defendants, *Elmer W. Demarest.*

The opinion of the court was delivered by

FORT, J. On January 15th, 1895, the mayor and common council of the city of Bayonne passed an ordinance authorizing the Hudson County Electric Company "to erect poles and string wires thereon, and to lay pipes and conduits and

place wires therein, in the public roads and public places, highways, streets, avenues and alleys of the city of Bayonne, for the purpose of supplying and distributing electricity for electric light, heat and power purposes."

After the passage and approval of this ordinance the Hudson County Electric Company, on January 25th, 1895, accepted it in writing and gave a bond in accordance with its requirements, and filed these with the city clerk. The bond was approved by the common council on February 5th, 1895. Under the ordinance the company has spent considerable money in establishing its plant and system in the city, and has, since April 1st, 1895, been lighting some of the public streets and avenues of the city.

Subsequently the prosecutor in this case acquired by consolidation all the rights of the Hudson County Electric Company.

On September 25th, 1905, the mayor and common council of the city of Bayonne passed a supplement to the ordinance of January 15th, 1895, by which they repealed section 1 of said last ordinance, "so far as concerns any other or further erection of poles or stringing of wires thereon, or laying of pipes or conduits or placing of wires therein, than are already erected, strung, laid or placed and existing in any of the streets, avenues, alleys, highways, or other public places of this city."

The writ before us brings up this supplement of September 25th, 1905.

It is contended that, in this court at least, the invalidity of this supplemental ordinance is settled, citing *Hudson Telephone Co.* v. *Jersey City,* 20 *Vroom* 303; *Phillipsburg Electric Co.* v. *Phillipsburg,* 37 *Id.* 505.

An examination of these cases seems to sustain the contention where the attempt is, or appears to be, to repeal the entire grant given to the company, and is an attempt to deprive the company of rights acquired, under the ordinance, upon streets in which the poles have actually been erected and the wires strung thereon.

Whether, as in this case, the power exists in the common council to repeal a grant of authority to erect poles and string wires in certain streets before such poles are erected was not directly passed upon in the cases above cited.

On principle it may, however, be difficult to distinguish the cases.

But we do not deem it necessary to decide that question in this case.

One of the reasons for setting aside the ordinance brought up is because it was passed without notice to the prosecutor of the intent to pass it, and hence, although it affects his property rights, he was without opportunity to be heard.

We think, under the decisions in this state, this is fatal to the validity of the ordinance.

In this case the prosecutor is setting up a claim of right to place poles and wires in the streets where the ordinance under review attempts to prevent it from erecting poles, and it alleges that, having completed and perfected a part of an entire system granted to it, the whole grant is a property right which cannot be invaded in any part without notice to it. *United New Jersey Railroad and Canal Co.* v. *Jersey City,* 42 *Vroom* 480; *Cape May* v. *Railroad Company,* 31 *Id.* 224.

In *Cape May* v. *Railroad Company, supra,* Justice Nixon, speaking for the Court of Errors and Appeals, said:

"It being an ordinance which affected property rights, the defendant in error was entitled to notice before its passage."

In *Jersey City, &c., Railway* v. *Passaic,* 39 *Vroom* 110, this court said:

"In a proceeding to take away rights granted by an ordinance or otherwise possessed by an individual or corporation, a municipality can only act after notice and opportunity to be heard has been given to the person or corporation whose property rights are to be affected."

To the same effect, or within the same principle, are the following: *Traction Company* v. *Board of Works,* 27 *Vroom* 431; *Stanley* v. *Passaic,* 31 *Id.* 392; *Dodd* v. *State Board of Health,* 38 *Id.* 463.

Because of the fact that property rights of the prosecutor were taken away by the ordinance brought up, without his having notice of the proposed action or opportunity to be heard thereon, the ordinance is set aside, with costs.