JOHN G. WOELFLE, APPELLEE, v. HARMAN KING AND MARTIN KING, APPELLANTS.

Argued June 1, 1909---Decided October 25, 1909.

Where proceedings to dispossess a tenant are instituted in the name of the landlord, and as a consequence the tenant is evicted, and the landlord afterwards accepts the unpaid rent as a condition for permitting the tenant to remove his goods from the premises within a limited time, it is too late for the landlord to disavow the eviction upon the ground that it was not affirmatively shown that the person who made the preliminary affidavit, upon which the proceedings for dispossession were based, was not the duly authorized agent of the landlord.

On appeal from the Second District Court of Newark.

Before Justices REED, BERGEN and VOORHEES.

For the appellee, *E. C. & A. W. Harris.*

For the appellants, *Riker & Riker.*

The opinion of the court was delivered by

BERGEN, J. The defendants leased certain premises in the city of Newark to one Hall, for a term expiring May 1st, 1910, which lease Hall assigned to the plaintiff subject to a sublease to one Julia May. As the lease between the defendants and Hall forbid a subletting without the written consent of the defendants, they consented, in writing, to the transfer and also agreed to lease to the plaintiff the premises for a period not exceeding three years, and not less than one year, from May 1st, 1910, the terms and conditions contained in the lease to Hall to continue until the expiration of his term, and thereafter, if the plaintiff should exercise his option to have the lease extended according to the terms of the agreement, the rent was to be increased.

In consideration of these agreements the plaintiff agreed to, and did, deposit with the defendants the sum of $400 to be applied to the payment of the rent contracted to be paid by Hall for the months of March and April, 1910, if the said Hall should fail to pay for those months. Under this arrangement the plaintiff went into possession, and in February, 1909, he was evicted under proceedings taken to dispossess him for non-payment of rent. The case shows that after eviction the plaintiff paid the rent to the date of eviction upon condition, which was granted, that he should be allowed to enter the premises any time before February 27th, 1909, for the purpose of removing his property. After eviction the plaintiff demanded payment of the $400 which he had deposited to be applied towards the payment of rent for March and April, 1910, and upon payment being refused brought suit and had judgment, from which defendants appeal. The only defence urged is that Newman, who made the affidavit upon which the eviction proceedings were based, was not shown to be their agent, and hence they did not evict the plaintiff. This claim is not well founded, for the proceedings were instituted in the name of the defendants, judgment was entered in their name, and after the eviction they accepted the unpaid rent and recognized the eviction of the plaintiff by granting him permission to enter, for a limited time only, to remove his goods. The record stands in their name; they accepted the fruits of the proceedings, and cannot now deny their responsibility for the eviction which was accomplished by virtue of such proceedings.

Under these circumstances the right of the plaintiff to recover is established by *Hecklau* v. *Hauser;* 42 *Vroom* 478, and the judgment should be affirmed, with costs.