## In re TANORY.

(District Court, N. D. New York. February 24, 1921.)

**Bankruptcy ⬡140 (½)—Settlement under lease by bankrupt.**

Where bankrupt, on leasing premises for a term at $75 per month, paid the landlord $225 as security for his performance of the contract, which sum, in his payment of rent to within 3 months of expiration of the term, was to be applied in payment of the remaining rent, and on the bankruptcy and vacation of the premises by the receiver the landlord accepted possession and rented to others, the receiver *held* entitled to recover the $225, less the rent due to the time he surrendered possession.

In Bankruptcy. In the matter of Joseph D. Tanory, bankrupt. On petition by Frank Cavallo for order requiring receiver to pay rent, and cross-claim by receiver. Cross-claim sustained.

This is a proceeding instituted by one Frank Cavallo, seeking an order directing the receiver of Joseph D. Tanory, the bankrupt, to pay over to him the sum of $50 as rent for certain premises in the city of Utica for the period commencing November 20, 1919, and ending December 12, 1919, during which time said premises were occupied by the receiver. This would be at the rate of $75 per month rent. The receiver claims that the bankrupt had paid to the petitioner, Cavallo, the sum of $225, which he contends should be returned to the trustee in bankruptcy, less $100, which sum represents the damages suffered by the petitioner for a part of the month of November and rent due from the receiver from November 20 to December 12, 1919, and which amount of damages and rent the trustee concedes is chargeable against the said sum of $225. The matter was referred to Frederick J. De la Fleur, as special master, to ascertain and report the facts, with his conclusions of law based thereon, and the special master has taken proofs and made and filed his report, and from the facts found the special master finds that the petitioner, Frank Cavallo, is entitled to retain from the sum of $225 held by him under the agreement between the parties the sum of $100, the amount of rent for said premises due him from November 1, 1919, up to and including December 11, 1919, when the premises were vacated by the receiver and turned over by him to Cavallo, the petitioner. The special master also finds and holds that the receiver is entitled to have returned to him from said Cavallo the sum of $125, which amount Cavallo now holds, and which is in excess of the damages sustained by him through the bankrupt's noncompliance with the rental contract and the rent due him from the receiver from November 20, 1919, up to and including December 11, 1919, the period of the occupancy of said premises by the receiver.

P. H. Fitzgerald, of Utica, N. Y., for petitioner.
Waters & Hodges, of Syracuse, N. Y., for receiver.
Lynch, Willis & Titus, of Utica, N. Y., for Utica City Bank.

RAY, District Judge (after stating the facts as above). Tanory, the bankrupt, went into possession of certain premises in the city of Utica May 1, 1919, under a lease, and continued in possession of same until about the 22d day of November, 1919. He paid the rent agreed

upon from May 1, 1919, to November 1, 1919. At the time of taking possession of the premises the said now bankrupt Tanory paid to the claimant, Cavallo, $225, pursuant to the second clause of the lease, and which sum of $225 the said claimant, Cavallo, still holds. November 22, 1919, the receiver appointed by the court in bankruptcy took possession of the premises, and continued in possession until the 12th day of December, 1919, at which time the property of the bankrupt in the store on said rented premises was sold at public auction. The receiver has not paid any rent for or during the time he was in possession, nor has the bankrupt paid any rent from November 1, 1919, to November 22, 1919, the date when the receiver took possession pursuant to the power conferred by the order of this court appointing him.

Tanory was adjudicated a bankrupt in involuntary bankruptcy December 11, 1919. The contract between Cavallo and Tanory, now bankrupt. dated April 8, 1919, provided that Tanory was to occupy as tenant a portion of the premises referred to for the term of two years, commencing May 1, 1919, and ending April 30, 1921. The contract also contained a provision reciting that the second party had that day paid to the first party the sum of $225, being the amount of three months' rent; that the party of the first part was to hold said $225 as security for the faithful performance by the second party of his obligations under the contract; that, in case the party of the second part should default under the agreement, then "he loses and forfeits said $225": that, in case said party of the second part pays up his rent until the last three months covered by this instrument, then said $225 is to be applied on said last three months' rent.

By the terms of the agreement the monthly rental of the premises which Tanory, the now bankrupt, was to pay Cavallo, was the sum of $75, payable each month strictly in advance. The bankrupt had paid the petitioner the $225, which Cavallo retained and now has. The special master finds as a fact, and the finding is sustained by the evidence:

"That after the sale of bankrupt's stock of merchandise the purchasers of said stock continued to occupy said premises up to the 1st of January, 1920, and for said period paid petitioner (Cavallo) as rental for his said premises the sum of $50."

This rental paid by the occupants was accepted by Cavallo.

The special master also finds, and the finding is sustained by the evidence:

"That the petitioner Frank Cavallo received rent for said premises from temporary tenants as follows: For the month of January, 1920, $80, and for the month of February, 1920, $90. Said premises have been vacant since the month of February, 1920, up to April 20, 1920; said latter date being the date of the hearing in this proceeding before the special master."

The $225 above referred to, and paid Cavallo under the circumstances stated, was in the nature of security, and was not forfeited to Cavallo by the bankruptcy of Tanory. It remained the property of the bankrupt, subject to proper deductions under the terms of the agreement between the parties, and I think the special master has made all the deductions therefrom that the facts justify or the law applicable

permits, and that the conclusions of the special master are correct, and "that the said receiver is entitled to a return from said Cavallo (the petitioner herein) of the sum of $125." The balance of said $225 the special master has found to be the "damages sustained by him (Cavallo) through bankrupt's noncompliance with the rental contract and the rent due him from the receiver from November 20, 1919, up to and including December 11, 1919, the period during which said receiver occupied said premises." This allowance to Cavallo, the petitioner, compensates him for his damages and rent during the period the receiver occupied after his appointment, and the balance of said $225 Cavallo is not entitled to retain. If bankruptcy had not intervened, I think the bankrupt, Tanory, could have reclaimed the balance of said $225, or $125, and that, bankruptcy having intervened, and the matter having been treated as it was, and Cavallo having accepted rent as he did from occupants of the premises, the receiver in bankruptcy or the trustee is entitled to the difference, or $125, from Cavallo, as found by the special master.

There will be an order accordingly.