## In re NATHANSON.

(District Court, S. D. New York. May 8, 1924.)

Bankruptcy ⬤⊷114(1)—Courts ⬤⊸367—Receiver not entitled to set off rent against deposit of bankrupt, in view of local rule permitting landlord to hold deposit until end of original term.

Receiver could not set off rent of premises which he occupied against deposit made by bankrupt to secure performance of lease, which landlord terminated on tenant's deposit, with agreement to be liable for any deficiency which might arise on reletting, as local rule permitting landlord to hold deposit until end of original term for application on any deficiency is rule of property, and should be followed.

In Bankruptcy. In the matter of Samuel Nathanson, individually and trading as the Elvine Hat Shop, bankrupt. On review of order of referee denying application of receiver for leave to set off rent against deposit held by landlord. Affirmed.

Stroock & Stroock, of New York City, for United Cigar Stores Co.

Ross, Reiburn & Kaufman, of New York City, for receiver in bankruptcy.

AUGUSTUS N. HAND, District Judge. The referee refused to allow the receiver to set off the rent of the premises which he occupied against a deposit of $751, held by the landlord and made by the bankrupt to secure the performance of the lease. That instrument provided:

"In the event, however, that the lessee shall be dispossessed from, or shall vacate or abandon, the premises, or shall fail, neglect, or omit at any time during the said term to perform and fulfill each and every of the covenants, agreements, and conditions in the within lease set forth to be kept, performed, and fulfilled by the lessee, including, among others, the agreements hereinbefore provided to be kept and performed by the lessee after dispossess, eviction, and/or abandonment, or other termination, that then the lessor may at the lessor's option at any time or times use and apply the said sum, so far as it will apply toward the payment of the rents reserved, and any other sums by the lessee agreed to be paid and to the performance of the covenants and agreements therein contained to be kept, performed or fulfilled by the lessee, including any loss and/or deficiency while the lessee has agreed to pay up to the end of the term for which said lease was originally entered into; and it is agreed that no action or proceeding of any kind may nor shall be instituted, begun, or carried on by the lessee in relation to said moneys so deposited, or any part thereof, until six months after the expiration of the full term of this lease as originally made."

The lease also contained the following provision:

"If, at any time, proceedings in bankruptcy shall be instituted by or against the lessee, * * * or if a receiver or trustee shall be appointed of the lessee's property, * * * then and in each of said cases, this lease shall cease and come to an end three days after notice shall be sent by mail by the lessor to the lessee addressed to the premises."

On October 5, 1923, a notice of termination of the lease was served by mail by the landlord upon the receiver, terminating the lease on the grounds (1) that the monthly installment of rent due October, 1923, had not been paid; (2) that proceedings in bankruptcy had been instituted. The rent had been paid up to the 1st of October, and the receiver went into possession in September, and continued until October 24, when he surrendered possession to the landlord, the United Cigar Stores Company. The tenant in the present lease agreed to be liable in the event of termination of the lease for any deficiency which might arise upon reletting.

Under the decisions of the New York state courts, the independent covenants of the present lease permit the landlord to hold the deposit until after the end of the original term, and to apply the deposit to the liquidation of any deficiency of rent which the landlord may suffer during that period, even though the relation of landlord and tenant ceased after notice of termination of the lease. Such a local rule of property ought to be recognized by this court. McCready v.

Lindenborn, 65 N. E. 208, 172 N. Y. 406; Darmstadt v. Knickerbocker, 172 N. Y. S. 148, 104 Misc. Rep. 547. See, also, the opinion of the Supreme Court of New Jersey in United Cigar Stores Co. v. Heithaus (No. 428, June Term, 1922) 132 A. 655.

The order of the referee denying the application of the receiver for leave to set off his rent against the deposit is affirmed.