### Petition of COLBURN.

### In re MLLE. LEMAUD, Inc.

(Circuit Court of Appeals, First Circuit. December 31, 1926.)

No. 2048, Original.

1. Landlord and tenant ⊜⟶101½—Lease is not terminated on bankruptcy of lessee without entry by lessor for purpose of repossessing.

A lease terminable on bankruptcy of lessee is not terminated without an entry by the lessor for the purpose of repossessing the premises under the terms of the lease.

2. Bankruptcy ⊜⟶255—Leased premises continue in possession of bankrupt, though stock is in custody of court as affecting liability for rent.

In absence of effective termination of lease on bankruptcy of lessee, premises continue in his possession, notwithstanding his stock is in custody of bankruptcy court as affecting liability for rent as between bankrupt and receiver.

3. Bankruptcy ⊜⟶255—Trustee held liable for reasonable rent for use of premises by receiver after appointment, though premises continued in bankrupt's possession after filing of petition.

Where lessor did not effectively terminate lease on bankruptcy of lessee, bankrupt was liable under lease for rent only from date of filing of petition to date of appointment of receiver, and trustee liable for reasonable rent for use and occupation of premises by receiver.

Petition for Revision of Proceedings of the District Court of the United States for the District of Massachusetts, in Bankruptcy; Elisha H. Brewster, Judge.

In the matter of the bankruptcy of Mlle. Lemaud, Inc. On petition of Arthur Colburn, trustee, to revise in matter of law an order or decree of the District Court (13 F. [2d] 208). Order of District Court affirmed.

A. B. Tolman, of Lynn, Mass., for petitioner.

Samuel J. Freedman, of Boston, Mass., for respondent.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is a petition to revise in matter of law the decree of the District Court of the United States,

for the District of Massachusetts (13 F.[2d] 208), vacating an order of the referee in bankruptcy, and directing the trustee in bankruptcy to pay to the petitioner $200 for rent of the premises described in the petition for 16 days during which they were occupied by a receiver.

On September 9, 1922, an involuntary petition in bankruptcy was filed against Mlle. Lemaud, Inc. The record does not disclose when there was an adjudication upon the petition, but presumably at the date of the appointment of a receiver, October 10, 1922.

The petitioner is the owner of the premises occupied by the bankrupt, under a lease from him which contained a provision that, in case the lessee should be declared a bankrupt, the lessor might enter upon the demised premises and repossess the same.

The receiver entered into possession of the demised premises on October 12, 1922, and disposed of the stock there, continuing his possession for this purpose until October 28, 1922, and then vacating.

The lessor did not enter upon lessee's being adjudicated a bankrupt, as he might have done, but on November 18, 1922, filed a claim for rent from the date of filing the petition, September 9, 1922, down to the time when the premises were vacated by the receiver. This claim was allowed by the referee, but upon review the District Court held that the petitioner was entitled to recover rent for only the time the premises were occupied by the receiver.

[1-3] The record does not disclose that the receiver made any agreement with the landlord respecting payment of rent during his occupancy, nor that the trustee elected to take over the lease as beneficial to the bankrupt estate. It is the law in this circuit that the lease was not terminated by bankruptcy without an entry by the lessor for the purpose of repossessing the premises under the terms of the lease. While the bankrupt's stock was in the custody of the bankruptcy court from the date of the filing of the petition, the bankrupt continued to be in possession of the demised premises under the lease, and bound by its covenants. In re Ells (D. C.) 98 F. 967. The lessor was entitled to reasonable rent for the use and occupation of the premises by the receiver, usually the rent reserved in the lease, unless that is unreasonable. In re Adams Cloak, Suit & Fur House (D. C.) 199 F. 337. In the Matter of Crawford Plummer Co. (D. C.) 253 F. 76; Fleming v. Noble et al. (C. C. A.) 250 F. 733; Gardner v. Gleason (C. C.A.) 259 F. 755.

The order of the District Court is affirmed, with costs in this court to the trustee in bankruptcy.