DANIEL SCHMIDIG AND ANNA SCHMIDIG, PLAINTIFFS-APPELLANTS, v. MARGARET O'BAGGY AND GIORDANO BRUNO BUILDING ASSOCIATION, A CORPORATION OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

Submitted January 28, 1927—Decided May 21, 1927.

Landlord and Tenant—Under Lease Tenant Made Deposit to Secure Payment of Rent—Tenant Assigned Lease and Landlord Sold Property, Giving Credit For the Deposit—Tenant Defaulted and Landlord Distrained, Recovering Full Amount Due—Upon Suit to Recover the Deposit a Judgment was Given For Defendant—Held, That This was Wrong, That the Deposit was Security For Rent, Not a Forfeiture.

On appeal from the Second District Court of Bergen county.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellants, *Benedict Krieger.*

For the respondents, *Richard J. Baker.*

PER CURIAM.

Appellants brought an action in the Second Judicial District Court of Bergen county to recover the sum of $150 deposited upon a lease between George Demirjian, as lessee, and Giordano Bruno Building Association, as lessor, upon the following condition as contained in the lease:

"A deposit of one hundred and fifty ($150) dollars shall be made at the signing of this lease, the receipt of which is hereby acknowledged, which amount shall be held by the party of the first part until the expiration of the term of this lease as security for the payment of the within mentioned rent, and for the performance of all or any of the covenants herein entered into on the part of the party of the second part."

The rights of the tenant finally passed by assignment to the appellants, and Margaret O'Baggy, by a series of conveyances, became the owner of the property, receiving a credit on account of the purchase-money of the $150 thus deposited by the original tenant. Upon default in the payment of the rents, the landlord distrained therefor, recovered the full amount then due with costs and terminated the lease.

Judgment in the District Court was given for the defendants. The respondents seek to uphold the judgment in the court below upon two grounds—(1) that the deposit became the property of the landlord upon default, and (2) that Mrs. O'Baggy was not liable for the return of the deposit, even though she had received allowance therefor in the purchase price of the property.

We think the judgment in the court below was wrong and cannot be sustained upon either ground. The deposit was

as a security for the payment of the rent and the performance of the conditions of the lease. At the time the landlord terminated the lease there was no rent due nor were there, of course, any subsequent conditions to be performed. The tenant's right to the return of the deposit thereupon accrued. *Hecklau* v. *Hauser*, 71 *N. J. L.* 478; 36 *C. J.* 300, § 1083. Upon the default in the payment of the rent, the landlord could no doubt have deducted the rent due from the deposit. He did not choose to do so but realized by distraint on the property of the tenant. To hold under the circumstances that he could retain the deposit would be to construe the agreement as effecting a forfeiture, which the law will not accord unless the right is clear. Nor do we think that the grantee who has received credit on the purchase price by reason of such deposit can escape liability. *Kaufman* v. *Williams*, 92 *N. J. L.* 186; 36 *C. J.* 229.

The judgment of the District Court will be reversed and judgment may be entered in this court for the amount of the deposit.