## In re BENSON & KIMLER, Inc.

District Court, E. D. New York. April 4, 1928. No. 14665.

**I. Bankruptcy ⟨⇒⟩228(11)—Allegations of petition to review referee's order, to which trustee filed no answer, must be taken as true for purposes of hearing.**

Where trustee in bankruptcy filed no answer to petition to review an order of the referee denying landlord's application for an order directing trustee to pay rent for premises while receiver was in possession, allegation of petition must be taken as true for purposes of hearing.

**2. Bankruptcy ⟨⇒⟩255—Trustee held liable for rent during period receiver was in possession.**

Under lease requiring a deposit by tenant, and authorizing landlord to relet premises for benefit of tenant, in event of breach of any covenants, tenant's trustee in bankruptcy was liable for rent of premises during period that receiver was in possession.

In Bankruptcy. In the matter of the bankruptcy of Benson & Kimler, Inc. Application by Samuel Mundheim to review an order of the referee, denying his application for an order directing trustee to pay rent for premises leased to bankrupt during time receiver was in possession. Order directing trustee to pay for reasonable use and occupation of the premises.

Sidney S. Goldstein, of New York City, for trustee.

Black, Varian & Simon, of New York City (Herbert M. Simon, of New York City, of counsel), for petitioner.

CAMPBELL, District Judge. This is a petition of Samuel Mundheim, landlord of the premises leased to the bankrupt herein, to review an order of Hon. Patrick E. Callahan, referee herein, denying the landlord's application for an order directing the trustee to pay rent for the premises leased to the bankrupt from January 1, 1927, to February 5, 1927, during which time the receiver was in possession.

On March 9, 1928, counsel for the landlord and for the trustee appeared before me and argued the matter, and subsequently filed briefs. The attorney for the trustee recites in his brief that certain facts were conceded on the hearing before the referee which

resulted in the order sought to be reviewed, but I find no record of such concessions in the papers certified by the referee.

[1] The only fact which both parties are reported by the referee to have conceded is that the amount of $388.88, claimed by the landlord, represents the fair rental value of the premises from January 1, 1927, to February 5, 1927, during which period the receiver-trustee was in possession. The trustee filed no answer to the petition, and no testimony was taken before the referee. For the purposes of this hearing the allegations of the petition must be taken as true, and the facts on which I must apply the law are:

[2] On October 24, 1925, the landlord and the bankrupt made a written lease, of which a copy is attached to the petition. It covered the period of three years, to commence on December 1, 1925, and to end on November 30, 1928, at the annual rental of $4,000, payable in advance in monthly installments of $333.33 each.

The eighth clause of the lease reads as follows:

"That if said premises, or any part thereof, shall become vacant during said term, or should the tenant be evicted by summary proceedings or otherwise, in the event of nonpayment of rent or a breach of any of the covenants herein contained, the landlord or representatives may re-enter the same by force or otherwise, without being liable to prosecution therefor, and the tenant shall pay at the same time as the rent is payable under the terms hereof a sum equivalent to the rent reserved herein, and the landlord may relet said premises on behalf of the tenant, applying any moneys collected, first, to the expenses of resuming or obtaining possession; second, restoring the premises to rentable condition; and then to the payment of the rent and all other charges due the landlord, any surplus to be paid to the tenant, who shall remain liable for any deficiency."

The following recital is found in the fifteenth clause of the lease:

"The tenant has this day deposited with the landlord the sum of $666.67 as security for the full and faithful performance of all of the terms and conditions upon the tenant's part to be performed, which said sum shall be returned to the tenant, after the time fixed as the expiration of the term herein, provided the tenant has fully and faithfully carried out all of the terms, covenants, and conditions on its part to be performed."

On December 21, 1926, a petition in involuntary bankruptcy was filed against the tenant, and the receiver was appointed and qualified and took possession. The receiver was subsequently elected trustee, and as such remained in possession of the premises until February 5, 1927.

The rent for January, February, and March, aggregating $999.99, remained unpaid when the landlord applied to the referee for an order directing the trustee to pay the fair rental value of the premises for the period during which he was in possession. Since that time the premises have been vacant, and the landlord has suffered an actual loss of over $4,000, with whatever he may suffer until November 30, 1928.

The attorney for the trustee sought on the argument to avoid the plain terms of the lease by contending that it was canceled by the landlord, but no evidence was offered in support of that contention, and therefore there is no evidence on which such a finding could be based, and it is unnecessary to decide what would be the effect if such a cancellation was shown. The decision of the then District, now Circuit, Judge A. N. Hand, in Re Nathanson (D. C.) 12 F.(2d) 622, seems to me to be directly in point, and I agree with the reasoning of that decision.

Both Judge Goddard, in the District Court, in Re Barnett, 12 F.(2d) 70, and Judge Rogers, writing for the Circuit Court of Appeals in the same case, 12 F.(2d) 73, under a different state of facts, seem to agree that, where the landlord enters to relet for the benefit of the tenant, the rule would not be as found by the referee herein, and I cannot find, although cited by the referee, that it supports his decision.

In re Schiff (D. C.) 295 F. 575, cited by the referee, does not support his decision, nor does the only authority cited in that case, Matter of Tanory (D. C.) 270 F. 872, because in neither of those cases did the lease contain a clause making the tenant liable for any deficiency in rent sustained by the landlord following re-entry.

In re Kreiger (D. C.) 15 F.(2d) 90, affirmed under title of Sproul v. Help Yourself Store Co. (C. C. A.) 16 F.(2d) 554, cited by the attorney for the trustee, turns on the question of the right of the landlord to insist on the forfeiture of a lease, and is not in point on the question in the instant case.

In re Mlle. Lemaud, Inc. (D. C.) 13 F.(2d) 208, affirmed under the title of Petition of Colburn (C. C. A.) 16 F.(2d) 780, cited by the attorney for the trustee, turns on the question of the termination of a lease only by re-entry; but no such provision is stated to have been included in the lease there con-

sidered, as in the lease at bar, and I fail to see wherein they are adverse to the claim of the landlord in the instant suit.

The petition to review is granted, the order of the referee which it is sought to review herein is reversed, vacated, and overruled, and an order will be granted directing the trustee to pay the landlord the sum of $388.88 for the reasonable use and occupation of the said premises.