This is an action brought to foreclose a mortgage dated and acknowledged October 9th, 1924, given by Loretta S. O'Neill (the owner of the mortgaged premises) and Patrick A. O'Neill, her husband, to the complainant. The cause is submitted on the pleadings, agreed state of facts, the original mortgage and the lease mentioned in the mortgage.
The mortgage recites that the mortgagors are indebted to the complainant in the sum of $6,600, to be paid according to the terms of a lease to be entered into between the parties, and (the mortgage states) it is in said lease agreed that should any default be made in the payment of the monthly rent on any day whereon the same is made payable, and should such default continue for thirty days, the $6,600 principal of the mortgage shall become due immediately, "as by reference to said lease may more fully appear." The lease did not come into existence until six days after the date and acknowledgment of the mortgage, and no such default provision appears in the lease. The real condition of the mortgage is expressed in a clause immediately following the description of the mortgaged premises, and is that if Loretta S. O'Neill shall pay the rent of premises provided for in a lease about to be entered into between her and the complainant, on the due dates and for the period of the lease, then the mortgage shall become void.
October 15th, 1924, the lease was entered into between the complainant as lessor and Loretta S. O'Neill as lessee, whereby the complainant leased certain premises to Mrs. O'Neill for ten years from February 1st, 1925, upon certain covenants and conditions, the first of which is that the rent to be paid by the lessee for the first five years shall be at the rate of *Page 577 
$550 per month, payable in advance on the first day of each month, and in addition the lessee to pay all water charges when the same become due. Other pertinent covenants and conditions are as follows:
"The lessee undertakes and agrees to provide * * * a mortgage approved by the lessor, conditioned according to the terms of this lease, to indemnify and save harmless the lessor * * * during the continuance of said lease from any and all loss of rent to be paid in accordance with the terms hereof.
"That in case of default of any of the covenants of this lease on the part of the lessee * * * then this lease, at the option of the lessor, or his legal representatives, shall become null and void and the term hereby granted immediately cease and terminate and it shall be lawful for the lessor to re-enter said premises and remove all persons therefrom."
The lessee entered into possession of the demised premises and paid the rent in full to April, 1926, on account of which month's rent she paid $130, and thereafter paid no more. Upon the lessee's default, the complainant, as lessor and mortgagee, had the right to permit the lessee to remain in possession and to rely on the security of his mortgage for the payment of the rent due and to accrue or to exercise the option reserved by the lease, to terminate it and to enter the leased premises and remove the lessee therefrom. The complainant elected to terminate the lease, and he evidenced his election by commencing suit in the first district court of Jersey City in August, 1926, to dispossess the lessee, and in said suit and in said month a judgment for possession was rendered in favor of the complainant. The judgment in such a suit is for possession, whereupon the court is required to issue a warrant commanding that all persons be removed from the leased premises, and that the claimant be put in full possession. Comp. Stat. p. 3073 § 18E. The district court did issue its warrant to one of its officers who served notice on the lessee that he would remove her from the leased premises on August 18th, 1926, and she thereupon quit the said premises.
The complainant now claims that because of the lessee's default in payment of rent, the whole principal sum named *Page 578 
in the mortgage became due and payable to him forthwith, but there is no such provision either in the mortgage or in the lease. Had the complainant not dispossessed the lessee, the most he could recover in this suit would be the amount of rent in arrear when he filed his bill of complaint, or at the time of entering the decree herein, but his act in evicting the lessee terminated the lease and made it null and void; it is not only so provided in the lease, but such is the legal effect of the complainant's act. Hunter v. Reily, 43 N.J. Law 480; Morris
v. Kettle, 57 N.J. Law 218; Hecklau v. Hauser,71 N.J. Law 478; Schmidig v. O'Baggy, 137 Atl. Rep. 560. All that the complainant could recover from the lessee by way of rent is the amount which had become due prior to the lessee's removal from the premises, and since the mortgage was conditioned for the payment by the mortgagors of the rent due under the lease, for the period of the lease, the mortgage can stand as security only for the rent for which the lessee was liable when the lease was terminated. The amount due on the mortgage, therefore, is $420, balance of rent for April, and rent at the rate of $550 per month for May, June, July and August, 1926, with interest on each month's rent from the first day of the respective months and also $30 which became due for water charges against the leased premises before the lessee was dispossessed, with interest from August 31st, 1926, for the total of which I shall advise a decree in favor of the complainant.
The defendants named in the bill are Loretta S. O'Neill; her husband, Patrick A. O'Neill, who is alleged to claim a curtesy right in the mortgaged lands; the Claremont Bank, which holds a subsequent mortgage and has given notice that it desires its incumbrance reported on, and Thomas J. O'Brien, who is alleged to have a judgment against Patrick A. O'Neill, and who has filed no answer or given notice that he desires his judgment reported on. The Claremont Bank may appear before me on notice to the defendants Loretta S. O'Neill and Patrick A. O'Neill, and prove the amount due on its mortgage, and any amount so proved may be included in the decree which I shall advise. *Page 579