ports to be evidence of every sort of corporate mismanagement and abuse. At most these recitals are averments of evidentiary facts and not of ultimate facts, and plainly transgress the rule. Moreover, the bill violates the rule in being prolix. Such a bill is condemned in this circuit. In Gliwa v. United States Steel Corporation, 58 F.(2d) 920, 922 (C. C. A. 3), Judge Woolley said: "We really cannot tell from this pleading what precisely is the plaintiffs' complaint in the various groups of causes of action, or whether, hidden under the mass of recited evidence, there is some cause of action legally susceptible of trial. * * * It is not the duty of a court in such case to struggle in an effort to uncover and pick out some possible ground of complaint which, if properly stated, would present a cause of action. It is the duty of the plaintiffs themselves to state their complaint in simple terms so that a court may see what it is and, knowing, may try it properly. The plaintiffs have failed in this regard."

The bill will be dismissed unless amended within thirty days after the filing of this memorandum.

PATTERSON, District Judge.

This is an application by a landlord who had leased premises in Brooklyn to the bankrupt for a term of years, to compel the receiver to pay rent for some six months between the filing of the involuntary petition and the adjudication of bankruptcy. No ancillary receiver was appointed in the Eastern District and there is nothing to show that the receiver appointed in this district ever used or took possession of the premises or adopted the lease.

The basis of the rule requiring a receiver or trustee to pay a reasonable rent for premises as one of the expenses of administration is that he has taken over the premises and has used them in the course of liquidation. In such cases rent for the occupancy is allowed as one of the expenses in administering the estate. In re Hersey (D. C.) 171 F. 998; Gardner v. Gleason (C. C. A.) 259 F. 755. Where possession by the receiver is lacking, he cannot be held for rent. See Petition of Colburn (C. C. A.) 16 F.(2d) 780. In this case the premises were in possession of the bankrupt, not of the receiver. The petition will therefore be denied.

## In re NO CARE ELECTRIC RADIATOR CORPORATION.
### No. 54412.

District Court, S. D. New York.
Jan. 17, 1933.

Henry W. Sykes, of New York City, for receiver.

Samuel C. Duberstein, of Brooklyn, N. Y., for Bush Terminal Buildings Co.

## HOBLITZELLE et al. v. UNITED STATES.
### No. 41944.

Court of Claims.
May 8, 1933.

