**In re HOUSE OF GUS HOLDER, Inc.**

No. 218–49.

United States District Court
D. New Jersey.

July 18, 1950.

Richard M. Glassner, Newark, N.J., for debtor.

Sidney G. Goldberg, Newark, N.J., for creditor.

SMITH, District Judge.

This is a proceeding under Chapter XI of the Bankruptcy Act, § 301 et seq., 11 U.S.C.A. § 701 et seq. The proceeding is before this Court at this time on a petition for review filed by the Debtor pursuant to Section 39, sub. c of the said Act, 11 U.S.C.A. § 67, sub. c. The ultimate question presented for determination is one of jurisdiction; the other questions raised are incidental. The facts are not in dispute.

The Frisch Realty Corporation, hereinafter identified as the Creditor, although not the owner, was the landlord of certain premises which were occupied by the Debtor as a tenant under leases which expired on April 30, 1950. The rent was payable in equal monthly installments of $756.67. Pursuant to the terms of the leases the Debtor had deposited the sum of $2,000 to secure the faithful performance of their terms and conditions; this deposit was to be applied "to the payment of the rent for the last three (3) months" upon the termination of the leases and the faithful performance of their terms and conditions. The deposit was in the possession of the Creditor when these proceedings were initiated, at which time there was no rent due except for the month of May.

The Debtor filed an original petition under Section 322 of the Act, 11 U.S.C.A. § 722, on May 3, 1949. Thereafter a Receiver was appointed on the petition of a creditor.

The Receiver continued to operate the business and remained in possession of the premises until June 20, 1949, when, on the petition of the Debtor and on notice to the Creditor, the Referee authorized 'the rejection of the leases pursuant to Section 313 of the Act, 11 U.S.C.A. § 713. The order then entered reserved to the Creditor a right to file a "claim for damages" within four days. A proper proof of claim was filed within time, but action thereon was held in abeyance until after confirmation of the plan of arrangement. The proof of claim is hereinafter discussed.

The proposed plan of arrangement, as modified, was accepted by the creditors affected thereby, and was thereafter confirmed pursuant to Section 361 of the Act, 11 U.S.C.A. § 761. The order of confirmation was entered on June 29, 1949. It appears from the order of confirmation that there was deposited with the Receiver the sum of $12,411.67, a sum sufficient to pay the expenses of administration and the claims of the unsecured creditors affected by the plan. The Referee apparently retained jurisdiction under Section 369 of the Act, 11 U.S.C.A. § 769, at least until the claim of the present Creditor was allowed in part and disallowed in part. The retention of jurisdiction was in accordance with the statutory provisions.

The Creditor filed a proof of claim in which it asserted two separate and distinct claims: the first, a claim for the rental value of the premises for the months of May and June, the months during which the premises were used and occupied by the Receiver; and the second, a claim for future rents due under the lease, less the amount on deposit. The latter claim was clearly limited to the rent deficiency, which the Creditor alleged was "unsecured." The Debtor filed formal objections to the proof of claim and alleged as a defense that the claims were excessive. It appears from the record, however, that he filed no counterclaim for the deposit but rested solely on the defenses raised in his formal objections. The first claim, the amount of which was fixed at $1,513.34, was properly allowed as an administration expense, but the second claim was disallowed.

■ The petition for review does not attack either the allowance of the first claim or the disallowance of the second claim, but attacks only the Referee's conclusion that the court lacked jurisdiction to order a return of the deposit. It is argued that the Debtor was entitled to set off the claim for the deposit against the claim of the Creditor. We agree with this argument; the right of the Debtor to the return of the deposit, less the amount of damages, if any, accrued upon termination of the lease. Vailsburg Amusement Co. v. Criterion Inv. Co., 156 A. 114, 115, 9 N.J. Misc. 951; See also Schmidig v. O'Baggy, 137 A. 560, 5 N.J. Misc. 554; Hecklau v. Hauser, 71 N.J.L. 478, 59 A. 18; Oldden v. Tonto Realty Corp., 2 Cir., 143 F.2d 916, 921. This argument, however, is not a complete answer to the problem. A question of jurisdiction is presented: Did the court of bankruptcy have summary jurisdiction to enter an affirmative judgment in favor of the Debtor and against the Creditor in the absence of a counterclaim? It is our opinion that this question must be answered in the negative.

■ The provisions of Section 68, sub. a of the Act, 11 U.S.C.A. § 108, sub. a, are applicable to proceedings under Chapter XI, Section 302 of the Act, 11 U.S.C.A. § 702. In re Potts, 6 Cir., 142 F.2d 883, 887. This section provides that in "all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the *balance only shall be allowed or paid."* (Emphasis by the Court.) The provisions of this section, applied to Chapter XI, may be invoked where the claim of the debtor is interposed as a *Defense* to reduce or extinguish the claim of the creditor; it seems reasonably clear that in this situation only the *Balance* due the creditor may be allowed and paid  4 Collier on Bankruptcy, 786, et seq. The mere filing of the proof of claim is a consent to the summary jurisdiction of the bankruptcy court to pass on not only the validity of the claim but also on the defenses lawfully interposed. In re Barnett, 2 Cir., 12 F.2d 73, 81, certiorari denied 273 U.S. 699, 47

S.Ct. 94, 71 L.Ed. 846; Metz v. Knobel, 2 .Cir., 21 F.2d 317, 318; In re Empire Coal Sales Corp., 45 F.Supp. 974, 976, affirmed Kleid v. Ruthbell Coal Co., 2 Cir., 131 F.2d 372; see also 2 Collier on Bankruptcy, 530, et seq. The summary jurisdiction of the court is necessarily limited in its scope by the issues thus raised.

■ It does not follow, however, that a court of bankruptcy may summarily enter an affirmative judgment in favor of the debtor and against the creditor in the absence of a counterclaim praying such relief. Accord Cumberland Glass Co. v. DeWitt, 237 U.S. 447, 456, 457, 35 S.Ct. 636, 59 L. Ed. 1042; In re Potts, supra, 142 F.2d at pages 883, 887. There can be little, if any doubt, that a court of bankruptcy has summary jurisdiction to enter an affirmative judgment on a counterclaim asserted against a creditor upon his consent to the exercise of such jurisdiction. Section 23 of the Act, 11 U.S.C.A. § 46; Florance v. Kresge, 5 Cir., 93 F.2d 784, 786; Columbia Foundry Co. v. Lochner, 4 Cir., 179 F.2d 630, 633-635; see also 2 Collier on Bankruptcy, 531. It has been held that the mere filing of a proof of claim is a sufficient consent to the summary jurisdiction of the court of bankruptcy to enter an affirmative judgment on the counterclaim asserted by the debtor. Ibid. It should be noted that the decisions in the cited cases were limited to the situations therein presented.

The general principles which govern set offs under § 68, sub. a of the Act were discussed in In re Potts, supra. It was therein stated, 142 F.2d at page 887: "It is settled law that parties interested in the estate may set off in reduction or extinguishment of the allowance of a provable claim, any debt or counterclaim which passes to the trustee and which the bankrupt or any of his creditors might have asserted against the claimant. The section is not self-executing and its benefit is to be had only on action of the Bankruptcy Court *properly invoked*. The statute does not enlarge the general doctrine of set off or counterclaim. It only becomes operative when the case is brought within the general principles of set-off. The debt sought to be set off must ordinarily be a mutual one and must be of the same nature as the creditor's claim, and where the set-off of a debtor is sought in arrangement proceedings, *the debtor must observe and comply with all conditions governing perfection of his rights to recover from a claimant in an ordinary proceeding.*" (Emphasis by the Court.)

[5] The claim of the Debtor, based upon its right to the return of the deposit, accrued upon the termination of the lease by operation of law. The claim of the Creditor for damages accrued upon the rejection of the unexpired lease. The claim of the Debtor was enforceable in this proceeding but only as a counterclaim. There was no jurisdiction in the court of bankruptcy to enter an affirmative judgment in the absence of such a counterclaim. Accord Cumberland Glass Co. v. DeWitt, and In re Potts, both supra.

■ The Rules of Civil Procedure govern proceedings under the Act, "in so far as they are not inconsistent with the Act." General Order 37, 11 U.S.C.A. following Section 53; Moonblatt v. Kosmin, 3 Cir., 139 F.2d 412, 414; Rule 13, Fed. Rules Civ. Proc., 28 U.S.C.A., requires that a counterclaim be asserted in a responsive pleading. This was not done in this proceeding. The formal objections filed by the Debtor may not be regarded as a "counterclaim" within the meaning of the rules; considered in the light most favorable to the Debtor, they must be regarded as nothing more than an answer or defensive pleading. In re Empire Coal Sales Corp., supra. It is our opinion that in the absence of such a counterclaim the summary jurisdiction of the court of bankruptcy was exhausted upon the disallowance of the Creditor's claim for future rents.

■■ It is argued that the claim of the Debtor's estate should have been set off against the Creditor's claim for the rental value of the premises for the months of May and June, the claim allowed. We cannot agree with this argument. Section 68, sub. a of the Act is not applicable to this situation because of the absence of the required mutuality. The debts upon

which these claims were predicated did not arise out of the same right. Accord United States v. Roth, 2 Cir., 164 F.2d 575, 578; Standard Oil Company of New Jersey v. Elliott, 4 Cir., 80 F.2d 158, 159, 160. The claim of the Creditor for the rental value of the premises for the months of May and June was based solely on the Receiver's use and occupancy of the premises for these months. The debt was one incurred by the Receiver as an officer of the court and not as an agent or representative of the Debtor. The claim of the Creditor was predicated not on the lease but on its equitable right to compensation for the use and occupancy of the premises from which it was excluded. In re United Cigar Stores Co. of America, 2 Cir., 69 F.2d 513, 515; Meehan v. King, 1 Cir., 54 F.2d 761, 763; In re Chakos, 7 Cir., 24 F.2d 482, 486; In re Mlle. Lemaud, Inc., 1 Cir., 16 F.2d 780. The expense was properly chargeable as an administration expense. Ibid.

The petition for review is dismissed.

The references herein to "Collier on Bankruptcy" are the 14th Edition.