In the Matter of DADE COUNTY
DAIRIES, INC., Bankrupt.

SAMFEL, INC., Appellant,

v.

William ROEMELMEYER, as Trustee in
Bankruptcy of Dade County Dairies,
Inc., Appellee.

No. 77–841–BK–SMA–B.

United States District Court,
S. D. Florida.

Aug. 7, 1979.

---

Stephen Judson, Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, Fla., for Trustee.

Martin Sandler, Sandler & Sandler, Miami, Fla., for Samfel, Inc.

## ORDER OF REVERSAL

ARONOVITZ, District Judge.

THIS CAUSE is before the Court on appeal from an order of the Honorable Thomas C. Britton denying the motion for payment of administrative rent filed by Samfel, Inc. ("Samfel") in the bankruptcy proceeding of Dade County Dairies, Inc. ("Dade County Dairies").

The parties do not contest the underlying facts. The real estate upon which the dairy was built was purchased by Sam Feldman in 1955 and was owned by Samfel. In 1956, Samfel erected the dairy processing plant and leased the premises to Dade County Dairies which occupied the premises until its bankruptcy in 1977. At the time of bankruptcy, rent was $650.00 per week.

Stock in both corporations was completely owned in varying amounts by different members of the Feldman family and Sam Feldman's son, Robert, was president of Samfel and Dade County Dairies. Judge Britton did not find, however, that either corporation was an alter-ego for the other or for any member of the Feldman family.

Dade County Dairies was adjudicated a bankrupt on September 9, 1977. A Receiver had been appointed who took possession of the property and that possession was continued by the Trustee. Samfel seeks administrative rent at the rate of $650.00 per week for the period September 9, 1977, until March 17, 1978, during which time the court appointed officers occupied the premises.

Judge Britton denied the motion for administrative rent following an evidentiary hearing noting that the denial was without prejudice to any claim that Samfel may make as an unsecured creditor. The motion was denied on equitable grounds based

largely on monthly payments of $5,176.00 made by the bankrupt to Samfel during 1976 and 1977. According to Robert Feldman, these payments were repayments to Samfel for the cash proceeds of a mortgage on the property which were allegedly advanced by Samfel to the bankrupt. Appellant presented no evidence to Judge Britton substantiating the existence of this loan. Noting that claims of interrelated corporations are subject to careful scrutiny, Judge Britton denied the claim.

Although various issues were argued in the respective briefs, two primary questions remained following the oral argument on this appeal. First, can the rent claim of the Appellant be setoff against the alleged loan repayments made by the bankrupt to the Appellant? Second, did the bankruptcy judge have the authority to equitably subordinate a statutory priority claim for administrative rent? Because the Court is constrained to answer these questions in the negative, Judge Britton's ruling must be reversed.

### I. Setoff of the Rent Claim Against the Loan Repayments :

Judge Britton found no support for Feldman's claim that the monthly payments of $5,176.00 from the bankrupt to Samfel were repayments for a loan. Therefore, Appellee argues that any right of the Appellant to rent should be offset against these unsubstantiated monthly payments. This Court does not reach the equitable merits of this argument for it finds that setoff under Section 68(a) of the Bankruptcy Act ("Act") is inapplicable in this case.

■ Under Section 68(a), the basic test is mutuality of obligation. To be mutual, the debts or credits must be in the same right and between the same parties, standing in the same capacity. 4 *Collier on Bankruptcy*, Section 68.04 [2–1]. In the case at bar, mutuality is lacking. The alleged loan repayments were made by Dade County Dairies prior to the bankruptcy. The rent obligation was incurred by the Trustee after bankruptcy in his role as an officer of the court and not in his capacity as a representative of the debtor. Accordingly, the administrative rent claim and the alleged improper pre-bankruptcy payments were not mutual obligations subject to setoff under the Act. *See In re House of Gus Holder*, 91 F.Supp. 841, 844–45 (D.N.J.1950).

### II. Equitable Subordination :

■ Appellee argues alternatively that Judge Britton properly applied the doctrine of equitable subordination in denying Samfel's claim. Generally, a bankruptcy court has the authority to subordinate the claim of one creditor to the claims of other creditors to prevent the consummation of conduct which is inequitable. *Pepper v. Litton*, 308 U.S. 295, 304–05, 60 S.Ct. 238, 84 L.Ed. 281 (1939). And, where the claimant is a director, stockholder, or inter-related corporation, the burden is on the claimant to prove good faith and inherent fairness. *See Matter of Mobile Steel Co.*, 563 F.2d 692 (5th Cir. 1977); 3A *Collier on Bankruptcy*, Section 63.06 [5.3]. Applying these equitable principles to the instant case, Judge Britton determined that Samfel's claim should be denied.

■ This Court does not question Judge Britton's equitable view of this case. However, the equitable powers of a bankruptcy court are limited and equitable subordination of a claim must not be inconsistent with the provisions of the Act. *Matter of Mobile Steel, supra*, 563 F.2d at 700; *Luther v. United States*, 225 F.2d 495, 499 (10th Cir. 1955), *cert. denied* 350 U.S. 947, 76 S.Ct. 321, 100 L.Ed. 825 (1956). Section 64(a)(1) of the Act gives first priority to administration expenses including administrative rent. With the priority of the claim fixed by statute, the bankruptcy court was without equitable power to place it in any other position. *See Luther v. United States, supra*, 225 F.2d at 499.

For the foregoing reasons, the decision of the bankruptcy court denying Samfel's motion for administrative rent is REVERSED. Since the Trustee did not contest the dollar amount of the claim, the claim for administrative rent shall be allowed in full.